JONATHAN GROSS (Bar No. 122010)
jgross@moundcotton.com
MOUND COTTON WOLLAN & GREENGRASS LLP
2200 Powell Street, Suite 1050
Emeryville, California 94608
Tel:  (510) 900-9371 / Fax:  (510) 900-9381

JAYME C. LONG (Bar No. 202867)
jayme.long@dentons.com
JUSTIN R. SARNO (Bar No. 229803)
justin.sarno@dentons.com
CONNOR M. SCOTT (Bar No. 321714)
connor.scott@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel:  (213) 623-9300 / Fax:  (213) 623-9924

Attorneys for Defendant/Counterclaimant
**ZURICH AMERICAN INSURANCE COMPANY**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA

| | |
|---|---|
| IN-N-OUT BURGERS, a California corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>              Defendant.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>              Counterclaimant,<br><br>       v.<br><br>IN-N-OUT BURGERS, a California corporation,<br><br>              Counter-Defendant. | Case No. 8:20-cv-01000-JLS-ADS<br><br>**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; COUNTERCLAIM AGAINST PLAINTIFF IN-N-OUT BURGERS**<br><br><u>**DEMAND FOR JURY TRIAL**</u><br><br>Assigned to:   Hon. Josephine L. Staton<br>                        Courtroom 10A - Santa Ana<br><br>Complaint Filed:          May 29, 2020<br>First Amended Complaint: June 6, 2020<br>Trial Date:                   None Set |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**DEFENDANT/COUNTERCLAIMANT ZURICH AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE <u>AND OTHER DEFENSES</u>**

Defendant Zurich American Insurance Company ("Defendant" or "Zurich American") responds to the allegations in In-N-Out Burgers' ("In-N-Out" or "Plaintiff") First Amended Complaint as follows:

1.    In response to Paragraph 1 of the First Amended Complaint, Defendant admits that In-N-Out submitted a claim for business interruption and other losses in connection with the SARS-CoV-2 virus, which causes the disease COVID-19, and that Defendant denied coverage for this claim.  Except as so expressly admitted, Defendant denies each and every fact alleged in this Paragraph.

2.    In response to Paragraph 2 of the First Amended Complaint, Defendant admits that In-N-Out's First Amended Complaint seeks damages for alleged breach of contract and breach of the covenant of good faith and fair dealing, and requests declaratory judgment.  Except as so expressly admitted, Defendant denies each and every fact alleged in this Paragraph.

3.    In response to Paragraph 3 of the First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation set forth in this Paragraph.

4.    In response to Paragraph 4 of the First Amended Complaint, Defendant admits that Zurich is a New York corporation with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.

5.    In response to Paragraph 5 of the First Amended Complaint, Defendant admits the allegations contained in this Paragraph.

6.    In response to Paragraph 6 of the First Amended Complaint, Defendant

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

admits the allegations contained in this Paragraph.

7.    In response to Paragraph 7 of the First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation set forth in this Paragraph.

8.    In response to Paragraph 8 of the First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation set forth in this Paragraph.

9.    In response to Paragraph 9 of the First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation set forth in this Paragraph.

10.   In response to Paragraph 10 of the First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation set forth in this Paragraph.

11.   In response to Paragraph 11 of the First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation set forth in this Paragraph.

12.   In response to Paragraph 12 of the First Amended Complaint, Defendant admits that it issued to In-N-Out Burger, Inc. as the First Named Insured a Zurich Edge "All Risk" Commercial Policy with policy number MLP 9137890-13 for the policy period June 1, 2019 - June 1, 2020 (the "Policy"), which provided, among other coverages and subject to all of its terms, conditions, exclusions and definitions, coverage for "direct physical loss of or damage caused by a Covered Cause of Loss to Covered Property."  Defendant refers the Court to the Policy for all

1    of its terms, conditions, limitations, and exclusions.  Except as so expressly

2    admitted, Defendant denies each and every fact alleged in this Paragraph.

3         13.    In response to Paragraph 13 of the First Amended Complaint,

4    Defendant admits that medical experts currently believe COVID-19 is an infectious

5    disease caused by a virus, known as the "novel coronavirus" or SARS-CoV-2.

6    Except as so expressly admitted, Defendant is without knowledge or information

7    sufficient to form a belief as to the truth of the remaining allegations contained

8    therein, and on that basis denies each and every allegation set forth in this

9    Paragraph.  Defendant avers that scientific facts, research, and knowledge regarding

10   the SARS-CoV-2 virus and the disease COVID-19 is still evolving and changing

11   rapidly given the novelty of the SARS-CoV-2 virus and the disease COVID-19.

12        14.    In response to Paragraph 14 of the First Amended Complaint,

13   Defendant admits that the Center for Disease Control and Prevention ("CDC")

14   released a press release on February 26, 2020 regarding possible community spread,

15   which press release speaks for itself.  Except as so expressly admitted, Defendant is

16   without knowledge or information sufficient to form a belief as to the truth of the

17   remaining allegations contained therein, and on that basis denies each and every

18   allegation set forth in this Paragraph.  Defendant avers that scientific facts, research,

19   and knowledge regarding the SARS-CoV-2 virus and the disease COVID-19 is still

20   evolving and changing rapidly given the novelty of the SARS-CoV-2 virus and the

21   disease COVID-19.

22        15.    In response to Paragraph 15 of the First Amended Complaint,

23   Defendant admits that the World Health Organization ("WHO") issued a press

24   release on March 11, 2020 characterizing the spread of SARS-CoV-2 and using the

25   term "pandemic," which press release speaks for itself.  Plaintiff did not attach any

26   press release to the First Amended Complaint.  Except as so expressly admitted,

27   Defendant is without knowledge or information sufficient to form a belief as to the

28   truth of the remaining allegations contained therein, and on that basis denies each

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT; COUNTERCLAIM AGAINST PLAINTIFF IN-N-OUT BURGERS

115133965

and every allegation set forth in this Paragraph.

16.     In response to Paragraph 16 of the First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation set forth in this Paragraph.  Defendant avers that scientific facts, research, and knowledge regarding the SARS-CoV-2 virus and the disease COVID-19 is still evolving and changing rapidly given the novelty of the SARS-CoV-2 virus and the disease COVID-19.

17.     In response to Paragraph 17 of the First Amended Complaint, Defendant admits that the WHO has issued statements and press releases regarding COVID-19 and the SARS-CoV-2 virus, which statements speak for themselves. Plaintiff did not attach any statements or press releases to the First Amended Complaint.  Defendant avers that Plaintiff has included an incorrect hyperlink in the First Amended Complaint to the alleged order.  Except as so expressly admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies each and every remaining allegation set forth in this Paragraph.

18.     In response to Paragraph 18 of the First Amended Complaint, Defendant admits that the *New England Journal of Medicine* has published scientific studies regarding COVID-19 and the SARS-CoV-2 virus, which studies speak for themselves.  Plaintiff did not attach any studies to the First Amended Complaint.  Except as so expressly admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies each and every remaining allegation set forth in this Paragraph.  Defendant avers that scientific facts, research, and knowledge regarding the SARS-CoV-2 virus and the disease COVID-19 is still evolving and changing rapidly given the novelty of the SARS-CoV-2 virus and the disease COVID-19.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

19.     Plaintiff did not attach any postings, scientific studies, or articles to the First Amended Complaint.  In response to Paragraph 19 of the First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation set forth in this Paragraph.  Defendant avers that scientific facts, research, and knowledge regarding the SARS-CoV-2 virus and the disease COVID-19 is still evolving and changing rapidly given the novelty of the SARS-CoV-2 virus and the disease COVID-19.

20.     Plaintiff did not attach any research letters to the First Amended Complaint.  In response to Paragraph 20 of the First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation set forth in this Paragraph.  Defendant avers that scientific facts, research, and knowledge regarding the SARS-CoV-2 virus and the disease COVID-19 is still evolving and changing rapidly given the novelty of the SARS-CoV-2 virus and the disease COVID-19.

21.     In response to Paragraph 21 of the First Amended Complaint, Defendant admits it maintains a website, which speaks for itself.  To the extent Plaintiff has mischaracterized the contents of the website, and except as so expressly admitted above, Defendant denies the remaining allegations set forth in this Paragraph.  Defendant avers that scientific facts, research, and knowledge regarding the SARS-CoV-2 virus and the disease COVID-19 is still evolving and changing rapidly given the novelty of the SARS-CoV-2 virus and the disease COVID-19.

22.     In response to Paragraph 22 of the First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation set forth in this Paragraph.  Defendant avers that scientific facts, research, and knowledge regarding the SARS-CoV-2 virus and the disease COVID-19 is still

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    evolving and changing rapidly given the novelty of the SARS-CoV-2 virus and the

2    disease COVID-19.

3          23.    In response to Paragraph 23 of the First Amended Complaint,

4    Defendant is without knowledge or information sufficient to form a belief as to the

5    truth of the allegations contained therein, and on that basis denies each and every

6    allegation set forth in this Paragraph.  Defendant avers that scientific facts, research,

7    and knowledge regarding the SARS-CoV-2 virus and the disease COVID-19 is still

8    evolving and changing rapidly given the novelty of the SARS-CoV-2 virus and the

9    disease COVID-19.

10         24.    Plaintiff did not attach any reports to the First Amended Complaint.  In

11   response to Paragraph 24 of the First Amended Complaint, Defendant is without

12   knowledge or information sufficient to form a belief as to the truth of the allegations

13   contained therein, and on that basis denies each and every allegation set forth in this

14   Paragraph.  Defendant avers that scientific facts, research, and knowledge regarding

15   the SARS-CoV-2 virus and the disease COVID-19 is still evolving and changing

16   rapidly given the novelty of the SARS-CoV-2 virus and the disease COVID-19.

17         25.    In response to Paragraph 25 of the First Amended Complaint,

18   Defendant is without knowledge or information sufficient to form a belief as to the

19   truth of the allegations contained therein, and on that basis denies each and every

20   allegation set forth in this Paragraph.

21         26.    In response to Paragraph 26 of the First Amended Complaint,

22   Defendant is without knowledge or information sufficient to form a belief as to the

23   truth of the allegations contained therein, and on that basis denies each and every

24   allegation set forth in this Paragraph.

25         27.    In response to Paragraph 27 of the First Amended Complaint,

26   Defendant admits that the CDC has issued guidelines to slow the SARS-CoV-2

27   virus, which guidelines speak for themselves.  Plaintiff did not attach any published

28   guidance to the First Amended Complaint.  Except as so expressly admitted,

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT; COUNTERCLAIM AGAINST PLAINTIFF IN-N-OUT BURGERS
115133965

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  Defendant is without knowledge or information sufficient to form a belief as to the

2  truth of the remaining allegations contained therein, and on that basis denies each

3  and every remaining allegation set forth in this Paragraph.

4      28.    In response to Paragraph 28 of the First Amended Complaint,

5  Defendant admits that orders have been issued by some states regarding the SARS-

6  CoV-2 virus, which orders speak for themselves.  Plaintiff did not attach any orders

7  or declarations to the First Amended Complaint.  Except as so expressly admitted,

8  Defendant is without knowledge or information sufficient to form a belief as to the

9  truth of the remaining allegations contained therein, and on that basis denies each

10  and every remaining allegation set forth in this Paragraph.

11      29.    In response to Paragraph 29 of the First Amended Complaint,

12  Defendant admits that orders have been issued by some states regarding the SARS-

13  CoV-2 virus, which orders speak for themselves.  Plaintiff did not attach any orders

14  to the First Amended Complaint.  Except as so expressly admitted, Defendant is

15  without knowledge or information sufficient to form a belief as to the truth of the

16  remaining allegations contained therein, and on that basis denies each and every

17  remaining allegation set forth in this Paragraph.

18      30.    In response to Paragraph 30 of the First Amended Complaint,

19  Defendant admits that orders have been issued by some city and county

20  governments regarding the SARS-CoV-2 virus, which orders speak for themselves.

21  Plaintiff did not attach any orders to the First Amended Complaint.  Except as so

22  expressly admitted, Defendant is without knowledge or information sufficient to

23  form a belief as to the truth of the remaining allegations contained therein, and on

24  that basis denies each and every remaining allegation set forth in this Paragraph.

25      31.    In response to Paragraph 31 of the First Amended Complaint,

26  Defendant admits that orders have been issued by the City of Los Angeles regarding

27  the SARS-CoV-2 virus, which orders speak for themselves.  Defendant expressly

28  denies that any orders issued by the City of Los Angeles regarding the SARS-CoV-2

1  virus determine what constitutes property loss or damage under the Policy and refers

2  the Court to the Policy for those terms.  Plaintiff did not attach any orders to the

3  First Amended Complaint.  Except as so expressly admitted, Defendant is without

4  knowledge or information sufficient to form a belief as to the truth of the remaining

5  allegations contained therein, and on that basis denies each and every remaining

6  allegation set forth in this Paragraph.  Defendant avers that Plaintiff has included an

7  out-of-date hyperlink in the First Amended Complaint to the alleged order.

8       32.    In response to Paragraph 32 of the First Amended Complaint,

9  Defendant admits that orders have been issued by Dallas County, Texas regarding

10  the SARS-CoV-2 virus, which orders speak for themselves.  Defendant expressly

11  denies that the orders issued by Dallas County, Texas regarding the SARS-CoV-2

12  virus determine what constitutes property loss or damage under the Policy and refers

13  the Court to the Policy for those terms.  Plaintiff did not attach any orders to the

14  First Amended Complaint.  Except as so expressly admitted, Defendant is without

15  knowledge or information sufficient to form a belief as to the truth of the remaining

16  allegations contained therein, and on that basis denies each and every remaining

17  allegation set forth in this Paragraph.  Defendant avers that Plaintiff has included an

18  out-of-date hyperlink in the First Amended Complaint to the alleged order.

19       33.    In response to Paragraph 33 of the First Amended Complaint,

20  Defendant admits that orders have been issued by Orange County regarding the

21  SARS-CoV-2 virus, which orders speak for themselves.  Plaintiff did not attach any

22  orders to the First Amended Complaint.  Except as so expressly admitted, Defendant

23  is without knowledge or information sufficient to form a belief as to the truth of the

24  remaining allegations contained therein, and on that basis denies each and every

25  remaining allegation set forth in this Paragraph.  Defendant avers that Plaintiff has

26  included an out-of-date hyperlink in the First Amended Complaint to the alleged

27  order.

28       34.    In response to Paragraph 34 of the First Amended Complaint,

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT; COUNTERCLAIM AGAINST PLAINTIFF IN-N-OUT BURGERS

115133965

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  Defendant admits that orders have been issued by San Diego County regarding the
2  SARS-CoV-2 virus, which orders speak for themselves.  Plaintiff did not attach any
3  orders to the First Amended Complaint.  Except as so expressly admitted, Defendant
4  is without knowledge or information sufficient to form a belief as to the truth of the
5  remaining allegations contained therein, and on that basis denies each and every
6  remaining allegation set forth in this Paragraph.  Defendant avers that Plaintiff has
7  included an out-of-date hyperlink in the First Amended Complaint to the alleged
8  order.

9       35.    In response to Paragraph 35 of the First Amended Complaint,
10  Defendant admits that orders have been issued by the City and County of San
11  Francisco regarding the SARS-CoV-2 virus, which orders speak for themselves.
12  Plaintiff did not attach any orders to the First Amended Complaint.  Except as so
13  expressly admitted, Defendant is without knowledge or information sufficient to
14  form a belief as to the truth of the remaining allegations contained therein, and on
15  that basis denies each and every remaining allegation set forth in this Paragraph.
16  Defendant avers that Plaintiff has included an out-of-date hyperlink in the First
17  Amended Complaint to the alleged order.

18       36.    In response to Paragraph 36 of the First Amended Complaint,
19  Defendant admits that orders have been issued by the counties of Santa Clara, San
20  Mateo, Marin, Contra Costa, and Alameda regarding the SARS-CoV-2 virus, which
21  orders speak for themselves.  Plaintiff did not attach any orders to the First
22  Amended Complaint.  Except as so expressly admitted, Defendant is without
23  knowledge or information sufficient to form a belief as to the truth of the remaining
24  allegations contained therein, and on that basis denies each and every remaining
25  allegation set forth in this Paragraph.  Defendant avers that Plaintiff failed to include
26  a hyperlink to the orders of Santa Clara, San Mateo, Marin, Contra Costa, and
27  Alameda counties, and that its link to the alleged order of the City and County of
28  San Francisco is out-of-date.

DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT; COUNTERCLAIM AGAINST PLAINTIFF IN-N-OUT BURGERS

115133965

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

37.     In response to Paragraph 37 of the First Amended Complaint, Defendant admits that orders have been issued by the City of Phoenix regarding the SARS-CoV-2 virus, which orders speak for themselves.  Plaintiff did not attach any orders to the First Amended Complaint.  Except as so expressly admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies each and every remaining allegation set forth in this Paragraph.  Defendant notes that the "order" to which Plaintiff links in the First Amended Complaint is in fact a tweet by the Mayor of Phoenix's account, and whether a tweet can constitute a government order is a legal contention or question of law to which no response is required.

38.     In response to Paragraph 38 of the First Amended Complaint, Defendant admits that orders have been issued by the City of Tucson regarding the SARS-CoV-2 virus, which orders speak for themselves.  Plaintiff did not attach any orders to the First Amended Complaint.  Except as so expressly admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies each and every remaining allegation set forth in this Paragraph.

39.     In response to Paragraph 39 of the First Amended Complaint, Defendant admits that orders have been issued by Salt Lake City regarding the SARS-CoV-2 virus, which orders speak for themselves.  Plaintiff did not attach any orders to the First Amended Complaint.  Except as so expressly admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies each and every remaining allegation set forth in this Paragraph.

40.     In response to Paragraph 40 of the First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation set forth in this Paragraph.

41.     In response to Paragraph 41 of the First Amended Complaint, Defendant expressly denies that Plaintiff has suffered any damage to property under the terms of the Policy or losses covered under the Policy.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies each and every remaining allegation set forth in this Paragraph.

42.     In response to Paragraph 42 of the First Amended Complaint, Defendant admits that it issued policy number MLP9137890-13, effective from June 1, 2019 to June 1, 2020 (the "Policy") to In-N-Out Burger, Inc. and refers the Court to the Policy for all of its terms, conditions, limitations, and exclusions.  Defendant denies Paragraph 42 to the extent it implies that the premium charged to In-N-Out Burger, Inc. was unfair or unsupported.  With respect to the remaining allegations in this Paragraph, Defendant admits that the Policy contains a limit of $250 million with various sub-limits, deductibles, terms, and conditions, and subject to the Policy's terms, conditions, limitations, and exclusions.  Except as so expressly admitted, these allegations set forth legal conclusions and questions of law, to which no response is required.

43.     In response to Paragraph 43 of the First Amended Complaint, Defendant admits that it issued the Policy to In-N-Out Burger, Inc. and refers the Court to the Policy for all of its terms, conditions, limitations, and exclusions.  With respect to the remaining allegations in this Paragraph, Defendant admits that the Policy contains various limits, sub-limits, deductibles, terms, and conditions, but avers that these allegations set forth legal conclusions and questions of law as to the effects of and availability of those limits, sub-limits, deductibles, terms, and conditions, to which no response is required.

44.     In response to Paragraph 44 of the First Amended Complaint, Defendant admits that it issued the Policy to In-N-Out Burger, Inc. and refers the Court to the Policy for all of its terms, conditions, limitations, and exclusions, and

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  the page length of the Policy, which Plaintiff did not attach to the First Amended

2  Complaint.  With respect to the remaining allegations in this Paragraph, Defendant

3  admits that the Policy states that it "[i]nsures against direct physical loss of or

4  damage caused by a **Covered Cause of Loss** to Covered Property, at an Insured

5  Location. . ." and that the term **Covered Cause of Loss** is defined as "[a]ll risks of

6  direct physical loss of or damage from any cause unless excluded."  Defendant

7  specifically denies that such language creates any coverage under the Policy, and

8  any allegation regarding the effect of this language is a legal conclusion or question

9  of law to which no response is required.

10      45.     In response to Paragraph 45 of the First Amended Complaint,

11  Defendant admits that it issued the Policy to In-N-Out Burger, Inc. and refers the

12  Court to the Policy for all of its terms, conditions, limitations, and exclusions.

13  Defendant denies that it issued an endorsement at the inception of coverage and

14  applicable to Plaintiff's claim for coverage that redefined the terms "contamination"

15  and "contaminant" to delete pathogen or pathogenic organism, bacteria, virus and

16  disease-causing illness or agent and ammonia from the exclusion.  With respect to

17  Plaintiff's remaining conclusory legal interpretation of the scope and effect of the

18  terms, conditions, limitations, and exclusions under the Policy, Defendant denies the

19  allegations set forth in this Paragraph.

20      46.     In response to Paragraph 46 of the First Amended Complaint,

21  Defendant admits that it issued the Policy to In-N-Out Burger, Inc. and refers the

22  Court to the Policy for all of its terms, conditions, limitations, and exclusions.

23  Defendant denies that the Policy provides a $250 million limit to "pathogen or

24  pathogenic organism, bacteria, virus and disease-causing illness or agent," because

25  such claimed loss is expressly excluded from coverage and/or not within the

26  insuring agreement of the Policy.  Defendant denies that it deleted the exclusion for

27  ammonia contamination from the Policy.  With respect to Plaintiff's conclusory

28  legal interpretation of the scope and effect of the terms, conditions, limitations, and

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 13 -

exclusions under the Policy, Defendant denies the remaining allegations set forth in this Paragraph.

47.     In response to Paragraph 47 of the First Amended Complaint, Defendant denies the allegations set forth in this Paragraph.

48.     In response to Paragraph 48 of the First Amended Complaint, Defendant denies the allegations set forth in this Paragraph.

49.     In response to Paragraph 49 of the First Amended Complaint, Defendant admits that it issued the Policy to In-N-Out Burger, Inc. and refers the Court to the Policy for all of its terms, conditions, limitations, and exclusions.  With respect to the remaining allegations in this Paragraph, Defendant admits that the Policy contains various deductibles, including a $200,000 deductible for Time Element per occurrence and a $200,000 deductible for Contingent Time Element per location, and subject to the Policy's terms, conditions, limitations, and exclusions. Except as so expressly admitted, these allegations set forth legal conclusions and questions of law as to the effect of those deductibles, to which no response is required.

50.     In response to Paragraph 50 of the First Amended Complaint, Defendant admits that it issued the Policy to In-N-Out Burger, Inc. and refers the Court to the Policy for all of its terms, conditions, limitations, and exclusions.  With respect to the remaining allegations in this Paragraph, Defendant admits that the Policy contains a section entitled "Time Elements Coverages" and that limits exist in the Policy for "Extra Expense."  Except as so expressly admitted, these allegations set forth legal conclusions and questions of law as to the effect of those provisions, to which no response is required.

51.     In response to Paragraph 51 of the First Amended Complaint, Defendant admits that it issued the Policy to In-N-Out Burger, Inc. and refers the Court to the Policy for all of its terms, conditions, limitations, and exclusions.  With respect to the remaining allegations in this Paragraph, Defendant admits that the

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; COUNTERCLAIM AGAINST PLAINTIFF IN-N-OUT BURGERS
115133965

1   Policy contains a section entitled "Section V - Special Coverages & Described

2   Causes of Loss," which includes subsections for "Civil or Military Authority,"

3   "Contingent Time Element," "Decontamination Costs," and "Ingress/Egress."

4   Except as so expressly admitted, these allegations set forth legal conclusions and

5   questions of law as to the effect of those provisions, to which no response is

6   required.

7         52.    In response to Paragraph 52 of the First Amended Complaint,

8   Defendant admits that it issued the Policy to In-N-Out Burger, Inc. and refers the

9   Court to the Policy for all of its terms, conditions, limitations, and exclusions.

10  Defendant further admits that the Policy contains a subsection entitled "Civil or

11  Military Authority," which states in part that "[t]he Company will pay for …the

12  necessary **Suspension** of the Insured's business activities at an Insured Location if

13  the **Suspension** is caused by order of civil or military authority that prohibits access

14  to the **Location**. That order must result from a civil authority's response to direct

15  physical loss of or damage caused by a **Covered Cause of Loss** to property not

16  owned, occupied, leased or rented by the Insured or insured under this Policy and

17  located within the distance of the Insured's Location as stated in the Declarations."

18  Defendant denies that Plaintiff has suffered loss insured under the Policy.  Except as

19  so expressly admitted, the allegations in this Paragraph relating to Policy terms or

20  coverage set forth legal conclusions and questions of law as to the effect of this and

21  other provisions, to which no response is required.  With respect to the remaining

22  allegations in this Paragraph, Defendant is without knowledge or information

23  sufficient to form a belief as to the truth of the remaining allegations contained

24  therein, and on that basis denies the remaining allegations set forth in this

25  Paragraph.

26        53.    In response to Paragraph 53 of the First Amended Complaint,

27  Defendant admits that it issued the Policy to In-N-Out Burger, Inc. and refers the

28  Court to the Policy for all of its terms, conditions, limitations, and exclusions.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT; COUNTERCLAIM AGAINST PLAINTIFF IN-N-OUT BURGERS

115133965

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   Defendant further admits that the Policy contains a subsection entitled "Contingent

2   Time Element," which states in part that "[t]he Policy covers the actual Time

3   Element Loss as provided by the Policy … directly resulting from the necessary

4   **Suspension** of the Insured's business activities at an Insured Location if the

5   **Suspension** results from the direct physical loss of or damage caused by a **Covered**

6   **Cause of Loss** to Property (of the type insurable under this Policy) at **Direct**

7   **Dependent Time Element Locations**, **Indirect Dependent Time Element**

8   **Locations**, and **Attraction Properties** located worldwide, except for the

9   following…."  Defendant further admits that the Policy defines "**Attraction**

10  **Properties**" as "A property within the distance described in the declarations of an

11  Insured Location that attracts customers to the Insured's business."  Defendant

12  denies that the Policy provides coverage for Plaintiff's claimed losses.  Except as so

13  expressly admitted, the allegations in this Paragraph set forth legal conclusions and

14  questions of law as to the effect of this and other provisions, to which no response is

15  required.  With respect to the remaining allegations in this Paragraph, Defendant is

16  without knowledge or information sufficient to form a belief as to the truth of the

17  remaining allegations contained therein, and on that basis denies the remaining

18  allegations set forth in this Paragraph.

19       54.    In response to Paragraph 54 of the First Amended Complaint,

20  Defendant admits that it issued the Policy to In-N-Out Burger, Inc., and refers the

21  Court to the Policy for all of its terms, conditions, limitations, and exclusions.  With

22  respect to the remaining allegations in this Paragraph, Defendant admits that the

23  Policy contains a subsection entitled "Decontamination Costs."  Except as so

24  expressly admitted, the remaining allegations in this Paragraph set forth legal

25  conclusions and questions of law as to the effect of this and other provisions, to

26  which no response is required.

27       55.    In response to Paragraph 55 of the First Amended Complaint,

28  Defendant denies the allegations set forth in this Paragraph.

DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT; COUNTERCLAIM AGAINST PLAINTIFF IN-N-OUT BURGERS

115133965

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

56.     In response to Paragraph 56 of the First Amended Complaint, Defendant admits it maintains a website which speaks for itself, and that Zurich has described the Edge policy form as offering "broader coverage and greater flexibility."  To the extent Plaintiff has mischaracterized the contents of the website, Defendant denies the allegations set forth in this Paragraph.  Defendant denies the remaining allegations set forth in this Paragraph.

57.     In response to Paragraph 57 of the First Amended Complaint, Defendant denies that Plaintiff's claimed losses are covered under the Policy. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies each and every remaining allegation set forth in this Paragraph.

58.     In response to Paragraph 58 of the First Amended Complaint, Defendant denies the allegations set forth in this Paragraph.

59.     In response to Paragraph 59 of the First Amended Complaint, Defendant denies the allegations set forth in this Paragraph.

60.     In response to Paragraph 60 of the First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation set forth in this Paragraph.

61.     In response to Paragraph 61 of the First Amended Complaint, Defendant admits that In-N-Out Burger, Inc. submitted a claim for insurance benefits on or about April 20 or 21, 2020.  Defendant further admits that it requested that In-N-Out Burger, Inc. submit information regarding its claim and that Director of Risk Management Mike Leavins replied on April 27, 2020, but did not provide the requested information in that reply.  Defendant avers that In-N-Out Burger, Inc. failed to provide the information that Defendant requested, and denies that In-N-Out Burger, Inc.'s response satisfied its duties under the Policy.  Except as so expressly admitted, Defendant denies each and every fact alleged in this Paragraph.

- 17 -

62.     In response to Paragraph 62 of the First Amended Complaint, Defendant admits it maintains a website, which speaks for itself.  As to the remainder of the Paragraph, the allegations are vague and ambiguous. On that basis, Defendant cannot admit their truth, and therefore denies the allegations.

63.     In response to Paragraph 63 of the First Amended Complaint, Defendant admits that Defendant informed In-N-Out Burger, Inc. on May 29, 2020 that the Policy excludes loss relating to virus and that Defendant would issue a written coverage determination to In-N-Out Burger, Inc.  Defendant expressly denies that the Policy covers loss relating to viruses and/or that the denial was contrary to Policy language.  With respect to the remaining allegations, they set forth legal conclusions and questions of law to which no response is required.

64.     In response to Paragraph 64 of the First Amended Complaint, Defendant admits that it sent a letter to In-N-Out Burger, Inc. dated May 21, 2020 requesting that Plaintiff fulfill its duties under the Policy and requesting information. Defendant denies that Zurich asked for three pieces of information that Zurich already had.  Responding to further allegations in this Paragraph, Defendant expressly denies the allegation that it was misdirecting email.  Except as so expressly admitted or denied and for all remaining allegations in the Paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies each and every remaining allegation set forth in this Paragraph.

65.     In response to Paragraph 65 of the First Amended Complaint, Defendant admits that it sent a letter dated May 29, 2020 providing Defendant's coverage determination and denying coverage under the Policy.  Defendant refers this Court to the May 29, 2020 letter, which speaks for itself, and to the Policy for all of the Policy's terms, conditions, limitations, and exclusions.  Defendant further denies that the May 29 letter did not contain analysis, that the letter misquoted the Policy, that Zurich did not investigate or support its denial, and/or that the denial

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   was contrary to the Policy language.  Defendant further responds that the remainder

2   of this Paragraph sets forth legal conclusions and questions of law as to which no

3   response is required.  Defendant expressly denies all remaining allegations of this

4   Paragraph.

5       66.    In response to Paragraph 66 of the First Amended Complaint,

6   Defendant incorporates by reference its responses to Paragraphs 1 through 45

7   inclusive.

8       67.    In response to Paragraph 67 of the First Amended Complaint,

9   Defendant denies that it breached the contract.  Defendant further responds that this

10  Paragraph sets forth legal conclusions and questions of law as to which no response

11  is required.

12      68.    In response to Paragraph 68 of the First Amended Complaint,

13  Defendant incorporates by reference its responses to Paragraphs 1 through 67,

14  inclusive.

15      69.    In response to Paragraph 69 of the First Amended Complaint,

16  Defendant responds that this Paragraph sets forth legal conclusions and questions of

17  law as to which no response is required.  Defendant admits that an actual

18  controversy exists between the parties.

19      70.    In response to Paragraph 70 of the First Amended Complaint,

20  Defendant responds that this Paragraph sets forth legal conclusions and questions of

21  law as to which no response is required.

22      71.    In response to Paragraph 71 of the First Amended Complaint,

23  Defendant denies the allegations set forth in this Paragraph.

24      72.    In response to Paragraph 72 of the First Amended Complaint,

25  Defendant incorporates by reference its responses to Paragraphs 1 through 71,

26  inclusive.

27      73.    In response to Paragraph 73 of the First Amended Complaint,

28  Defendant responds that this Paragraph sets forth legal conclusions and questions of

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 19 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1 law as to which no response is required.  Defendant denies all factual allegations in
2 this Paragraph.

3       74.     In response to Paragraph 74 of the First Amended Complaint,
4 Defendant denies that it breached the implied covenant of good faith and fair
5 dealing. Defendant further denies the remaining allegations of the Paragraph and its
6 subparts, and incorporates by reference its responses to Paragraphs 42 through 56,
7 inclusive.

8                    **ANSWER TO PRAYER FOR RELIEF**

9       In response to the prayer for relief, Defendant denies each and every
10 allegation contained therein and further denies that Plaintiff has sustained or will
11 sustain any damage or injury at all, in any sum, by reason of any act or omission on
12 the part of or imputed to Defendant.  Defendant further denies that Plaintiff is
13 entitled to declaratory relief, or to any monetary damages in any amount, or to any
14 other relief sought in the First Amended Complaint.

15              **AFFIRMATIVE AND OTHER DEFENSES**
16                    **FIRST DEFENSE**
17       Plaintiff's Complaint fails to state a claim upon which relief may be granted.
18                    **SECOND DEFENSE**
19       Plaintiff's claims are barred to the extent that Plaintiff has failed to satisfy the
20 obligations, covenants, and conditions precedent and subsequent required under the
21 Policy.

22                    **THIRD DEFENSE**
23       Plaintiff's claims are barred, in whole or in part, by the terms, conditions,
24 agreements, exclusions, definitions, limitations, and/or endorsements contained in
25 the Policy.

26                    **FOURTH DEFENSE**
27       In the event it is determined that coverage exists for any part of Plaintiff's
28 claims under the Policy, recovery is limited by all applicable terms, conditions, and

provisions, and all deductibles, limits, and sub-limits in the Policy.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in party, to the extent Plaintiff has waived or is estopped to assert its rights under the Policy.

## SIXTH DEFENSE

Plaintiff's claims fail because such claims are not ripe and/or do not involve a justiciable controversy.

## SEVENTH DEFENSE

Plaintiff's recovery is barred to the extent that Plaintiff has failed to mitigate its damages.

## EIGHTH DEFENSE

This answering Defendant has fully performed all obligations and legal duties arising out of the matters alleged in the First Amended Complaint and has acted reasonably and in good faith.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages as a result of the matters alleged in the First Amended Complaint.

## TENTH DEFENSE

Plaintiff's claimed damages must be offset by any and all recoveries heretofore obtained by it in satisfaction of the claimed damages.

## ELEVENTH DEFENSE

Plaintiff's claimed damages are barred in whole or in part to the extent that Plaintiff has already been compensated for its claimed losses or the suspension of business through distributions, disbursements, credits, loans, grants, government or private assistance, or other payments.

## TWELFTH DEFENSE

There is no coverage for Plaintiff's claims, and they are barred, because Plaintiff has not suffered direct physical loss of or damage caused by a Covered

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 21 -

Cause of Loss to Covered Property at an Insured Location.  Form EDGE-D-100-B (12/10), entitled "The Zurich Edge Declarations," states in Section I - POLICY APPLICABILITY:

> **1.01   INSURING AGREEMENT**
> This Policy Insures against direct physical loss of or damage caused by a **Covered Cause of Loss** to Covered Property, at an Insured Location described in Section II-2.01, all subject to the terms, conditions and exclusions stated in this Policy.
>
> No coverage can be provided in violation of any U.S. economic or trade sanctions laws or regulations. Such coverage, which may be in violation of any U.S. economic or trade sanctions laws and regulations, shall be null and void and the Company shall not be liable to make any payments or provide any defense under this policy.

### THIRTEENTH DEFENSE

There is no coverage for Plaintiff's claims, and they are barred, to the extent that the property was contaminated by a virus and because Plaintiff was not unable to use or occupy property.  Further, there is no coverage for Plaintiff's claims, and they are barred, because Plaintiff has not suffered direct physical loss of or damage caused by a "Covered Cause of Loss to Covered Property" at an Insured Location. Form EDGE-100-B (12/10), entitled "The Zurich Edge Body of Form," states in Section III - PROPERTY DAMAGE:

> **3.03.   EXCLUSIONS**
> The following exclusions apply unless specifically stated elsewhere in this Policy:
> 3.03.01
> This Policy excludes the following unless it results from direct physical loss or damage not excluded by this Policy.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

3.03.01.01

> **Contamination**, and any cost due to **Contamination** including the inability to use or occupy property or any cost of making property safe or suitable for use or occupancy, except as provided by the Radioactive Contamination Coverage of this Policy.

Form Edge-100-B (12/10) of the Policy defines "Contamination (Contaminated)" and "Contaminants" in Section VII - Definitions, as follows:

> **7.09   Contamination(Contaminated)** - Any condition of property due to the actual presence of any foreign substance, impurity, pollutant, hazardous material, poison, toxin, pathogen or pathogenic organism, bacteria, virus, disease causing or illness causing agent, **Fungus**, mold or mildew.

> **7.10   Contaminant(s)** - Any solid, liquid, gaseous, thermal or other irritant, pollutant or contaminant, including but not limited to smoke, vapor, soot, fumes, acids, alkalis, chemicals, waste (including materials to be recycled, reconditioned or reclaimed), asbestos, ammonia, other hazardous substances, **Fungus** or **Spores**.

There is no coverage for Plaintiff's claims to the extent Plaintiff seeks coverage for loss or damage caused by contamination as defined by the Policy, including any loss or damage from the inability to use or occupy property or any cost of making property safe or suitable for use or occupancy due to the presence of any pathogen, pathogenic organism, bacteria, virus, or disease causing or illness causing agent.

## FOURTEENTH DEFENSE

There is no coverage for Plaintiff's claims, and they are barred, to the extent that they arose from law, ordinance, regulation or rule that regulated or restricted the construction, installation, repair, replacement, improvement, modification, demolition, occupancy, operation or other use of any property, outside of the

- 23 -

coverage for Civil or Military Authority. Further, there is no coverage for Plaintiff's claims, and they are barred, because Plaintiff has not suffered direct physical loss of or damage caused by a "Covered Cause of Loss to Covered Property" at an Insured Location. Form EDGE-100-B (12/10), entitled "The Zurich Edge Body of Form," states in Section III - PROPERTY DAMAGE:

**3.03. EXCLUSIONS**
The following exclusions apply unless specifically stated elsewhere in this Policy:

3.03.01
This Policy excludes the following unless it results from direct physical loss or damage not excluded by this Policy.

[...]

3.03.01.03
Loss or damage arising from the enforcement of any law, ordinance, regulation or rule regulating or restricting the construction, installation, repair, replacement, improvement, modification, demolition, occupancy, operation or other use, or removal including debris removal of any property.

To the extent that Plaintiff contends that it suffered a loss of income or damage due to the enforcement of any law, ordinance, regulation or rule regulating or restricting the use of any property, including, but not limited to, the decision to close certain locations, cancel events, or limit the number of individuals who could attend events or premises, such loss or damage is excluded pursuant to this exclusion.

### FIFTEENTH DEFENSE

There is no coverage for Plaintiff's claims, and they are barred, to the extent that the Plaintiff's loss or damage arose from delay, loss of market, or loss or use and to the extent that the Plaintiff's loss resulted from the suspension of business activities not otherwise covered by the Policy. Further, there is no coverage for Plaintiff's claims, and they are barred, because Plaintiff has not suffered direct

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; COUNTERCLAIM AGAINST PLAINTIFF IN-N-OUT BURGERS

115133965

physical loss of or damage caused by a "Covered Cause of Loss to Covered Property" at an Insured Location.  Form EDGE-100-B (12/10), entitled "The Zurich Edge Body of Form," states in Section III - PROPERTY DAMAGE:

> **3.03.  EXCLUSIONS**
> The following exclusions apply unless specifically stated elsewhere in this Policy:
> […]
> 3.03.02
> This Policy excludes:
> 3.03.02.01
> Loss or damage arising from delay, loss of market, or loss of use.
> […]
> 3.03.02.05
> Loss or damage resulting from the Insured's suspension of business activities, except to the extent provided by this Policy.

To the extent Plaintiff claims loss or damage that results from delay, loss of market, or loss of use, or results from suspension of business activities other than what is covered under the Policy, such loss or damage is excluded under these exclusions.

### SIXTEENTH DEFENSE

There is no coverage for Plaintiff's claims, and they are barred, to the extent that any purported suspension of business activities was not due to direct physical loss of or damage to property caused by a "Covered Cause of Loss."  Form EDGE-100-B (12/10), entitled "The Zurich Edge Body of Form," states in Section IV - TIME ELEMENT:

> **4.01.  LOSS INSURED**
> 4.01.01
> The Company will pay for the actual Time Element loss the Insured sustains, as provided in the Time Element Coverages, during the Period of Liability.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

The Time Element loss must result from the necessary **Suspension** of the Insured's business activities at an Insured Location. The **Suspension** must be due to direct physical loss of or damage to Property (of the type insurable under this Policy other than **Finished Stock**) caused by a **Covered Cause of Loss** at the **Location**, or as provided in Off Premises Storage for Property Under Construction Coverages.

The Company will also pay for the actual Time Element loss sustained by the Insured, during the Period of Liability at other Insured Locations. The Time Element loss must result from the necessary **Suspension** of the Insured's business activities at the other Insured Locations. Such other Location must depend on the continuation of business activities at the **Location** that sustained direct physical loss or damage caused by a **Covered Cause of Loss**.

Coverage under Section 4.01.01 applies only when there is a necessary suspension of the insured's business as a result of direct physical loss of or damage to property of the type insurable under the Policy caused by a "covered cause of loss" at the location. Plaintiff's claim is barred because the presence and/or proliferation of the SARS-CoV-2 virus, which causes the disease COVID-19, in the community, state, nation, or in Insured Locations does not constitute direct physical loss or damage to property. Moreover, to the extent the "contamination" exclusion found in Section 3.03.01 of the Policy applies, coverage is not available under Section 4.01 of the Policy nor is any such direct physical loss or damage to property of the type insurable under the Policy because such loss or damage is excluded by the contamination exclusion (Section 3.03.01.01).

### SEVENTEENTH DEFENSE

There is no coverage for Plaintiff's claims, and they are barred, to the extent that there was no direct physical loss of or damage caused by a Covered Cause of

Loss to property at Direct Dependent Time Element Locations, Indirect Dependent Time Element Locations, and/or Attraction Properties.  Form EDGE-100-B (12/10), entitled "The Zurich Edge Body of Form," states in Section V - SPECIAL COVERAGES & DESCRIBED CAUSES OF LOSS:

> **5.02.05.    CONTINGENT TIME ELEMENT**
> This Policy covers the actual Time Element loss as provided by the Policy, sustained by the Insured during the Period of Liability directly resulting from the necessary **Suspension** of the Insured's business activities at an Insured Location if the **Suspension** results from direct physical loss of or damage caused by a **Covered Cause of Loss** to Property (of the type insurable under this Policy) at **Direct Dependent Time Element Locations, Indirect Dependent Time Element Locations**, and **Attraction Properties** located worldwide, except for in the following: [….]

Coverage under Section 5.02.05 applies only when there is a necessary suspension of the insured's business as a result of direct physical loss of or damage to property of the type insurable under the Policy caused by a "covered cause of loss" at the location.  Plaintiff's claim is barred because the presence and/or proliferation of the SARS-CoV-2 virus, which causes the disease COVID-19, in the community, state, nation, or in Insured Locations does not constitute direct physical loss or damage to property.  Moreover, to the extent the "contamination" exclusion found in Section 3.03.01 of the Policy applies, coverage is not available under Section 5.02.05 of the Policy nor is any such direct physical loss or damage to property of the type insurable under the Policy because such loss or damage is excluded by the contamination exclusion (Section 3.03.01.01).

### EIGHTEENTH DEFENSE

There is no coverage for Plaintiff's claims, and they are barred, to the extent that there was no slowdown or cessation of the Insured's business activities and/or

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

that the Insured Locations were not rendered untenantable.  Further, there is no coverage for Plaintiff's claims, and they are barred, because Plaintiff has not suffered direct physical loss of or damage caused by a "Covered Cause of Loss to Covered Property" at an Insured Location.  Form EDGE-100-B (12/10), entitled "The Zurich Edge Body of Form," states in Section IV - TIME ELEMENT:

**4.01.  LOSS INSURED**
4.01.01
> The Company will pay for the actual Time Element loss the Insured sustains, as provided in the Time Element Coverages, during the Period of Liability. The Time Element loss must result from the necessary **Suspension** of the Insured's business activities at an Insured Location. The **Suspension** must be due to direct physical loss of or damage to Property (of the type insurable under this Policy other than **Finished Stock**) caused by a **Covered Cause of Loss** at the **Location**, or as provided in Off Premises Storage for Property Under Construction Coverages.

> The Company will also pay for the actual Time Element loss sustained by the Insured, during the Period of Liability at other Insured Locations. The Time Element loss must result from the necessary **Suspension** of the Insured's business activities at the other Insured Locations. Such other Location must depend on the continuation of business activities at the **Location** that sustained direct physical loss or damage caused by a **Covered Cause of Loss**.

Section VII - DEFINITIONS provides:

**7.56.  Suspension (Suspended) -**
7.56.01
> The slowdown or cessation of the Insured's business activities: or

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

115133965

7.56.02

> As respects rental income that a part or all of the Insured Location is rendered untenantable.

Plaintiff's relief is barred, in whole or in part, to the extent that Plaintiff's claimed Time Element loss or damage did not result from the "Suspension" of the Insured's business activities as defined to include direct physical loss or damage caused by a Covered Cause of Loss at an Insured Location.

**NINETEENTH DEFENSE**

There is no coverage for Plaintiff's claims, and they are barred, to the extent that the Plaintiff's claimed loss would have been experienced had the claimed Suspension of business activities not occurred and/or because the loss did not arise from physical loss or damage.  Further, there is no coverage for Plaintiff's claims, and they are barred, because Plaintiff has not suffered direct physical loss of or damage caused by a "Covered Cause of Loss to Covered Property" at an Insured Location.  Form EDGE-100-B (12/10), entitled "The Zurich Edge Body of Form," states in Section IV - TIME ELEMENT:

> **4.02.05     EXCLUSIONS**
> In addition to the exclusions elsewhere in this Policy, the following exclusions apply to Time Element Coverage;
> 4.02.05.01
> > This Policy does not insure against:
> 4.02.05.01.01
> > > Any loss during any idle period that would have been experienced had the **Suspension** of business activities not occurred. This includes, but it not limited to, when production, operation, services, delivery or receipt of goods or services or any other business activities would have ceased, or would not have taken place or would have been prevented due to:
> > > […]

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 29 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

4.02.05.01.01.03
> Any reason other than physical loss or damage insured by this Policy.

To the extent Plaintiff claims any loss that is the result of any reason other than physical loss or damage insured by the Policy, coverage is not available.

## TWENTIETH DEFENSE

Plaintiff's claims are limited to the extent that Plaintiff obtained other insurance that would attach in absence of the Policy. Form EDGE-100-B (12/10), entitled "The Zurich Edge Body of Form," states in Section VI - GENERAL POLICY CONDITIONS:

> **6.15   OTHER INSURANCE**
> Insurance that is intended to pay proportionally with this insurance as a part of a property insurance plan or program expressly written with other participants is not other insurance as described below..
> 6.15.01
> The Company will not be liable if, at the time of loss or damage, there is any other insurance that would attach in absence of this insurance; except that this insurance shall apply only as excess, Difference in Conditions/Difference in Limits and in no event as contributing insurance, and then only after all other insurance has been exhausted.

To the extent any loss of income is covered by other insurance that the Plaintiff has acquired and the Policy also provides coverage, the Policy applies only as excess insurance, Difference in Conditions/Difference in Limits insurance, and in no event as contributing insurance, after all other insurance has been exhausted.

## TWENTY-FIRST DEFENSE

There is no coverage for Plaintiff's claims, and they are barred, to the extent that there were no orders of civil or military authority that prohibited access to any Location. Further, there is no coverage for Plaintiff's claims, and they are barred,

- 30 -

because there was no direct physical loss of or damage caused by a Covered Cause of Loss to property not owned, occupied, leased or rented by the Insured.  Form EDGE-100-B (12/10), entitled "The Zurich Edge Body of Form," states in Section V - SPECIAL COVERAGES & DESCRIBED CAUSES OF LOSS:

### 5.02.03.     CIVIL OR MILITARY AUTHORITY

> The Company will pay for the actual Time Element loss sustained by the Insured, as provided by this Policy, resulting from the necessary **Suspension** of the Insured's business activities at an Insured Location if the **Suspension** is caused by order of civil or military authority that prohibits access to the **Location**. That order must result from a civil authority's response to direct physical loss of or damage caused by a **Covered Cause of Loss** to property not owned, occupied, leased or rented by the Insured or insured under this Policy and located within the distance of the Insured's Location as stated in the Declarations. The Company will pay for the actual Time Element loss sustained, subject to the deductible provisions that would have applied had the physical loss or damage occurred at the Insured Location, during the time the order remains in effect, but not to exceed the number of consecutive days following such order as stated in the Declarations up to the limit applying to this Coverage.

Form EDGE-D-100-B (12/10), entitled "The Zurich Edge Declarations," states in Section II - DECLARATIONS:

> 2.03.08.     Time and Distance Limitations: In addition to the Limits of Liability shown elsewhere in this Policy, the following limitations apply:

> [...]

> 90 day period for property          CIVIL OR MILITARY
> within 1 mile(s) but not to          AUTHORITY
> exceed a $2,500,000 limit.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; COUNTERCLAIM AGAINST PLAINTIFF IN-N-OUT BURGERS

115133965

In order for coverage to apply under Section 5.02.03, there must be a necessary suspension of Plaintiff's business activities as a result of an order of civil or military authority that has been issued as a result of direct physical loss of or damage to property not owned by Plaintiff located within 1 mile of an Insured Location as a result of a "Covered Cause of Loss."  The presence and/or proliferation of the SARS-CoV-2 virus, which causes the disease COVID-19 in the community, state, nation, or in Insured Locations does not constitute direct physical loss or damage to property, and Plaintiff does not allege that any order of civil authority affecting Plaintiff resulted from any direct physical loss or damage within one mile from an In-N-Out Location or prohibited access to the Location.

To the extent any order of civil or military authority was issued because of the presence of the SARS-CoV-2 virus, which causes the disease COVID-19, or to stop the spread of the SARS-CoV-2 virus, the order did not result from a "Covered Cause of Loss."

## TWENTY-SECOND DEFENSE

Plaintiff's Complaint, in whole or in part, is barred to the extent that Plaintiff failed to comply with its duties in the event of loss or damage and/or failed to cooperate with Defendant, as required by the terms of the Policy.  Form EDGE-100-B (12/10), entitled "The Zurich Edge Body of Form," states in Section VI - GENERAL POLICY CONDITIONS:

**6.13.01.     DUTIES IN THE EVENT OF LOSS OR DAMAGE**

The Insured must see that the following are done in the event of direct physical loss or damage to Covered Property:
[…]
6.13.01.02.

115133965

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Give the Company prompt notice of the loss or damage. Include a description of the property involved.

6.13.01.03.

As soon as possible, give the Company a description of how, when and where the loss or damage occurred.

6.13.01.04.

Take all reasonable steps to protect the Covered Property from further damages by a **Covered Cause of Loss** …. Also, keep a record of expenses for emergency and temporary repairs for consideration in the settlement of the claim. This will not increase the Limit of Liability.

6.13.01.05.

At the Company's request, provide a complete inventory of the damaged and undamaged property, including quantities, costs, values and amount of loss claimed.

6.13.01.06.

As often as reasonably required, permit the Company to inspect the property and records evidencing the loss or damage, including taking some or all of the damaged and undamaged property for inspection, testing and analysis, and permit the Company to make copies of the Insured's books and records.

6.13.01.07.

Permit the Company to question the Insured, the Insured's employees and agents under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the loss or damage, including an Insured's books and records. In the event of this examination, an Insured's

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; COUNTERCLAIM AGAINST PLAINTIFF IN-N-OUT BURGERS
115133965

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

answers must be signed or attested to by a notary public or certified court reporter.

6.13.01.08.
Give the Company a signed sworn statement of loss containing the information necessary to investigate the claim. If requested by the Company, the Company will supply the necessary form and the Insured must return this completed form within sixty (60) days of the request or as required by law.

6.13.01.09.
Cooperate with the Company in the investigation or settlement of the claim.

In order for coverage to apply under the Policy, the Insured must comply with its duties under the Policy.  To the extent that Plaintiff has failed to comply with its duties under the Policy, there is no coverage.

**TWENTY-THIRD DEFENSE**

There is no coverage for Plaintiff's claims, and they are barred, to the extent that ingress and/or egress to Locations was not prevented by physical obstruction due to direct physical loss of or damage caused by a Covered Cause of Loss and located within one mile of an Insured Location.     Form EDGE-100-B (12/10), entitled "The Zurich Edge Body of Form," states in Section V - SPECIAL COVERAGES & DESCRIBED CAUSES OF LOSS:

5.02.15.     **INGRESS/EGRESS**

The Company will pay for the actual Time Element loss sustained by the Insured, as provided by this Policy, resulting from the necessary **Suspension** of the Insured's business activities at an Insured Location if ingress or egress to that Insured Location by the Insured's suppliers, customers or employees is prevented by physical obstruction due to direct physical loss of or damage caused by a **Covered Cause of Loss** to property not owned,

- 34 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

occupied, leased or rented by the Insured or insured under this Policy and located within the distance of the Insured Location as stated in the Declarations. The Company will pay for the actual Time Element loss sustained, subject to the deductible provisions that would have applied had the physical loss or damage occurred at the Insured Location, during the time ingress or egress remains prevented by physical obstruction but not to exceed the number of consecutive days as stated in the Declarations following such obstruction up to the limit applying to this Coverage.

Form EDGE-D-100-B (12/10), entitled "The Zurich Edge Declarations," states in Section II - DECLARATIONS:

2.03.08.       Time and Distance Limitations: In addition to the Limits of Liability shown elsewhere in this Policy, the following limitations apply:

[…]

90 day period for property          INGRESS/EGRESS
within 1 mile(s) but not to
exceed a $2,500,000 limit.

Coverage under Section 5.02.15 applies only when there is a physical obstruction of the insured's business as a result of direct physical loss of or damage to property of the type insurable under the Policy caused by a "covered cause of loss" at the location, located within 1 mile of an Insured Location.  Plaintiff's claim is barred because the presence and/or proliferation of the SARS-CoV-2 virus, which causes the disease COVID-19, in the community, state, nation, or in Insured Locations does not constitute direct physical loss or damage to property and Plaintiff has failed to allege that there is any physical obstruction of ingress or egress. Moreover, to the extent the "contamination" exclusion found in Section 3.03.01 of the Policy applies, coverage is not available under Section 5.02.05 of the Policy nor

- 35 -

is any such direct physical loss or damage to property of the type insurable under the Policy because such loss or damage is excluded by the contamination exclusion (Section 3.03.01.01).

### TWENTY-FOURTH DEFENSE

There is no coverage for Plaintiff's claims, and they are barred, to the extent that the claimed Contamination was not caused by a Covered Cause of Loss to Covered Property.  Form EDGE-100-B (12/10), entitled "The Zurich Edge Body of Form," states in Section V - SPECIAL COVERAGES & DESCRIBED CAUSES OF LOSS:

#### 5.02.07.    DECONTAMINATION COSTS

If Covered Property is **Contaminated** from direct physical loss of or damage caused by a **Covered Cause of Loss** to Covered Property and there is in force at the time of the loss any law or ordinance regulating **Contamination** due to the actual not suspected presence of **Contaminant(s)**, then this Policy covers, as a direct result of enforcement of such law or ordinance, the increased cost of decontamination and/or removal of such **Contaminated** Covered Property in a manner to satisfy such law or ordinance. This Coverage applies only to that part of Covered Property so **Contaminated** due to the actual not suspected presence of **Contaminant(s)** as a result of direct physical loss or damage.  The Company is not liable for the costs required for removing **Contaminated** uninsured property nor the **Contaminant** therein or thereon, whether or not the **Contamination** results from a **Covered Cause of Loss**.

Coverage under Section 5.02.07 applies only when there are increased decontamination costs resulting from the enforcement of laws or ordinances directed at the actual and not suspected presence of contaminant(s) as a result of direct physical loss of or damage to covered property under the Policy caused by a

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 36 -

"covered cause of loss" at the location.  Plaintiff's claim is barred because the presence and/or proliferation of the SARS-CoV-2 virus, which causes the disease COVID-19, in the community, state, nation, or in Insured Locations does not constitute direct physical loss or damage to property.  Moreover, to the extent the "contamination" exclusion found in Section 3.03.01 of the Policy applies, coverage is not available under Section 5.02.05 of the Policy nor is any such direct physical loss or damage to Covered Property covered under the Policy because such loss or damage is excluded by the contamination exclusion (Section 3.03.01.01).

**TWENTY-FIFTH DEFENSE**

In the event that a determination is made that benefits are due under the Policy, Defendant reserves its right to invoke the Policy's appraisal provision.

**TWENTY-SIXTH DEFENSE**

Plaintiff lacks standing to proceed to the extent that it is not an insured and/or does not have an insurable interest.

**TWENTY-SEVENTH DEFENSE**

There is no coverage for Plaintiff's claims, and they are barred, to the extent that Plaintiff has claimed loss to locations that are not Insured Locations.  Form EDGE-100-B (12/10), entitled "The Zurich Edge Body of Form," states in Section II - INSURED LOCATION:

**2.01   INSURED LOCATION**

This Policy insures an Insured Location unless otherwise provided.
An Insured Location is a **Location**:

2.01.01.      Listed on a Schedule of Locations on file with Company; identified as INO 2019 Renewal Statement of Values (as of 02202019).xlsx

2.01.02.      Covered   as   a   **Miscellaneous   Unnamed Location**; and

- 37 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA  90017-5704
(213) 623-9300

115133965

1

2                 2.01.03.      Covered under the terms and conditions of

3                 the Newly Acquired Coverage or Errors and Omissions
                Coverage.

4

5      Plaintiff's relief is barred to the extent that Plaintiff has not suffered loss at

6 "Insured Locations" under the Policy.

7 **TWENTY-EIGHTH DEFENSE**

8      Plaintiff's claims are barred, in whole or in part, by the common law, statutes,

9 or insurance laws of the state whose law governs the interpretation, construction,

10 and/or scope of the Policy.

11 **TWENTY-NINTH DEFENSE**

12      The claims asserted, and/or relief sought, by Plaintiff against Defendant are or

13 may be barred, in whole or in part, due to additional defenses that cannot now be

14 articulated by Defendant based on the information it has to date concerning

15 Plaintiff's claims.  As such, Defendant reserves its right to supplement this Answer

16 and raise additional defenses as may become applicable upon further amplification

17 of Plaintiff's claims and discovery of information presently unknown to Defendant.

18 **PRAYER FOR RELIEF**

19      WHEREFORE, Defendant prays for judgment as follows:

20      1.     That Plaintiff take nothing by reason of its claims;

21      2.     That judgment be entered in favor of Defendant;

22      3.     That the Court grant Defendant such other and further relief as it

23 may deem just and proper.

24 **DEMAND FOR JURY TRIAL**

25      Defendant hereby demands a trial by jury.

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 38 -

115133965

## DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S COUNTERCLAIM FOR DECLARATORY JUDGMENT AGAINST <u>PLAINTIFF IN-N-OUT BURGERS</u>

COMES NOW Counterclaimant Zurich American Insurance Company ("Zurich" or "Counterclaimant") and for its Counterclaim for Declaratory Judgment alleges as follows:

1.      Zurich seeks a declaratory judgment with respect to its rights and obligations to Counter-Defendant In-N-Out Burgers ("In-N-Out" or "Counter-Defendant") under an insurance policy issued by Zurich to In-N-Out Burger, Inc., with respect to claims for coverage asserted by Counter-Defendant for alleged losses arising out of the spread of the SARS-Cov-2 Virus and the disease COVID-19 (defined herein), affecting multiple restaurant locations of the Counter-Defendant throughout the United States.

## <u>THE PARTIES</u>

2.      Zurich is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.  It is authorized to transact business and has transacted business in California.

3.      In-N-Out is a California corporation with its principal place of business in Irvine, California.

## <u>JURISDICTION AND VENUE</u>

4.      This Counterclaim arises out of the same transaction and occurrence set forth in In-N-Out's First Amended Complaint.  This Court has jurisdiction over this matter pursuant to 28 USC § 1367(a).

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(2).  Having chosen this venue in the main action, Counter-Defendant In-N-Out cannot object that venue is improper.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## NATURE OF THE CASE

6.     Zurich issued to In-N-Out Burger, Inc., as a First Named Insured, a Zurich Edge "All Risk" Commercial Policy with policy number MLP 9137890-13 for the policy period June 1, 2019 to June 1, 2020, which provided coverages subject to all of its terms, conditions, exclusions and definitions, including coverage for "direct physical loss of or damage caused by a Covered Cause of Loss to Covered Property," with a limit of liability of $250,000,000 for the total of coverages combined, subject to applicable deductibles, sublimits and time limits.  A certified copy of Zurich Policy No. MLP 9137890-13 is attached hereto as Exhibit A ("the Policy").

7.     Upon information and belief, Counter-Defendant owns and operates at least 350 restaurants in California, Arizona, Nevada, Utah, Oregon, and Texas.

8.     Due to the 2020 outbreak of the SARS-CoV-2 virus, which causes the disease COVID-19 (the "COVID-19 Virus"), and the resulting stay-at-home or shutdown orders of various government officials and agencies, it is understood that Counter-Defendant alleges that it was forced to close all of its restaurant dining rooms.

9.     Upon information and belief, Counter-Defendant continued to provide other services at its restaurants, including drive-through, take-out, and/or delivery services.  Upon information and belief, some of Counter-Defendant's restaurants have also reopened in phases to provide dine-in services.

10.     Counter-Defendant alleges that it has made a claim to Zurich contending that it has suffered losses arising from the spread of the COVID-19 Virus and various stay-at-home or shutdown orders that give rise to coverage under certain provisions of the Policy.

11.     Based on the information provided by In-N-Out Burger, Inc., to date, Zurich denied coverage for In-N-Out Burger, Inc.'s claim.

12.     Based on the information In-N-Out Burger, Inc. has provided to date,

115133965

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

coverage under the Policy is not or may not be afforded for one or more of the following reasons:

    a. There has been no direct physical loss of damage caused by a Covered Cause of Loss to Covered Property at an Insured Location under the terms, conditions and exclusions stated in the Policy.

    b. There is no coverage for Counter-Defendant's claims, and they are barred, to the extent that the Counter-Defendant's loss or damage arose from delay, loss of market, or loss or use and to the extent that the Counter-Defendant's loss resulted from the suspension of business activities not otherwise covered by the Policy.  Further, there is no coverage for Counter-Defendant's claims, and they are barred, because Counter-Defendant has not suffered direct physical loss of or damage caused by a "Covered Cause of Loss to Covered Property" at an Insured Location.  Under Section 3.03.02.05 of the Policy, the Policy excludes "Loss or damage resulting from the Insured's suspension of business activities, except to the extent provided by this Policy," and the suspension of business activities asserted by Counter-Defendant are not covered or are excluded by the terms, conditions and exclusions of the Policy.

    c. The suspension of business activities asserted by Counter-Defendant are not covered or are excluded under the Policy among other reasons because:

        i. Under "Exclusions" (Section 3.03) of the Policy, Section 3.03.01 provides in part:

            This Policy excludes the following unless it results from direct physical loss or damage not excluded by this Policy.

            3.03.01.01   **Contamination**, and any cost due to **Contamination** including the inability to use

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 41 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  or occupy property or any cost of making

2  property safe or suitable for use or

3  occupancy, except as provided by the

4  Radioactive Contamination Coverage of this

5  Policy.

6  * * *

7  3.03.01.03  Loss or damage arising from the enforcement

8  of any law, ordinance, regulation or rule

9  regulating or restricting the construction,

10  installation, repair, replacement,

11  improvement, modification, demolition,

12  occupancy, operation or other use, or removal

13  including debris removal of any property.

14  "**Contamination(Contaminated)**" is defined in Section

15  7.09 as "Any condition of property due to the actual

16  presence of any foreign substance, impurity, pollutant,

17  hazardous material, poison, toxin, pathogen or pathogenic

18  organism, bacteria, virus, disease causing or illness

19  causing agent, **Fungus**, mold or mildew."

20  There is no coverage for Counter-Defendant's claims, and

21  they are barred, to the extent that the property was

22  contaminated by a bacteria, virus or disease causing or

23  illness causing agent and because Counter-Defendant was

24  not unable to use or occupy property.  Further, there is no

25  coverage for Counter-Defendant's claims, and they are

26  barred, because Counter-Defendant has not suffered direct

27  physical loss of or damage caused by a "Covered Cause of

28  Loss to Covered Property" at an Insured Location.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

ii.  Under "Exclusions," Section 3.03.02 provides in part:

This Policy excludes:

3.03.02.01    Loss or damage arising from delay, loss of market, or loss of use.

[. . .]

3.03.02.05    Loss or damage resulting from the Insured's suspension of business activities, except to the extent provided by this Policy.

There is no coverage for Counter-Defendant's claims, and they are barred, to the extent that the Counter-Defendant's loss or damage arose from delay, loss of market, or loss of use and to the extent that the Counter-Defendant's loss or damage resulted from the suspension of business activities not otherwise covered by the Policy.  Further, there is no coverage for Counter-Defendant's claims, and they are barred, because Counter-Defendant has not suffered direct physical loss of or damage caused by a "Covered Cause of Loss to Covered Property" at an Insured Location.

iii.  Under "Definitions," Section 7.11, "Covered Cause of Loss" is defined as "All risks of direct physical loss of or damage from any cause unless excluded."  Accordingly, "Covered Cause of Loss" does not include Contamination, as defined by the Policy.

iv.  The presence of the COVID-19 Virus on or in property does not cause direct physical loss to or damage of property.  To the extent Counter-Defendant contends that any direct physical loss of or damage to property was due to the actual

- 43 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  presence of the COVID-19 Virus, such loss or damage is

2  excluded.

3     v.  Under the Policy, pursuant to Section IV – Time Element,

4  Section 4.01.01 and Section V - Contingent Time Element,

5  Section 5.02.05, any loss or damage did not result from the

6  necessary Suspension of the Insured's business activities at an

7  Insured Location or Direct/Indirect Dependent Time Element

8  Location and/or the Suspension was not due to direct physical

9  loss of or damage to Property caused by a Covered Cause of

10  Loss at the Location or Direct/Indirect Dependent Time

11  Element Location.  Further, there is no coverage for Counter-

12  Defendant's claims, and they are barred, to the extent that

13  there was no slowdown or cessation of the Insured's business

14  activities and/or that the Insured Locations were not rendered

15  untenantable.

16     vi.  Under the Policy, pursuant to Section 4.02.03, "Extra

17  Expense," coverage is afforded only for the "reasonable and

18  necessary Extra Expenses incurred by the Insured… to

19  resume and continue as nearly as practicable the Insured's

20  normal business activities that otherwise would be necessarily

21  suspended, due to direct physical loss of or damage caused by

22  a **Covered Cause of Loss** to Property…."  Any claimed loss

23  or damage did not result in the necessary Suspension of the

24  Insured's business activities and/or the Suspension was not

25  due to direct physical loss of or damage to Property caused by

26  a Covered Cause of Loss.  To the extent that Counter-

27  Defendant contends that loss was suffered due to the actual

28  presence of the COVID-19 virus, such direct physical loss of

- 44 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

or damage is excluded under the Policy by the Contamination exclusion, Section 3.03.01, and the definition of "Contamination," which includes any condition of property due to the actual presence of "virus."

vii.   There is no coverage for Counter-Defendant's claims, and they are barred, to the extent that there were no orders of civil or military authority that prohibited access to any Location. Further, there is no coverage for Counter-Defendant's claims, and they are barred, because there was no direct physical loss of or damage caused by a Covered Cause of Loss to property not owned, occupied, leased or rented by the Insured.  Under the Policy, pursuant to Section 5.02.03, "Civil or Military Authority," coverage is afforded only for "the actual Time Element loss sustained by the Insured, as provided by this Policy, resulting from the necessary **Suspension** of the Insured's business activities at an Insured Location if the **Suspension** is caused by order of civil or military authority that prohibits access to the **Location**.  That order must result from a civil authority's response to direct physical loss of or damage caused by a **Covered Cause of Loss** to property not owned, occupied, leased or rented by the Insured or insured under this Policy and located within [1 mile] of the Insured's Location. . . ."  Any order of civil authority at issue here did not prohibit access to any Insured Location and was not made in response to direct physical loss of or damage caused by a Covered Cause of Loss, whether to property within 1 mile of the Insured's Location or elsewhere, but was made in response to a public health crisis and to slow or stop the

- 45 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

spread of disease.  To the extent that Counter-Defendant contends that any order of civil authority resulted from the direct physical loss of or damage to property due to the actual presence of COVID-19 virus, such direct physical loss of or damage is excluded under the Policy by the Contamination exclusion, Section 3.03.01, and the definition of "Contamination," which includes any condition of property due to the actual presence of "virus."

viii.  There is no coverage for Counter-Defendant's claims, and they are barred, to the extent that ingress and/or egress to Locations was not prevented by physical obstruction due to direct physical loss of or damage caused by a Covered Cause of Loss.  Under the Policy, pursuant to Section 5.02.15, "Ingress/Egress," coverage is afforded only for the "actual Time Element loss sustained by the Insured, as provided by this Policy, resulting from the necessary **Suspension** of the Insured's business activities at an Insured Location if ingress or egress to that Insured Location by the Insured's suppliers, customers or employees is prevented by physical obstruction due to direct physical loss of or damage caused by a **Covered Cause of Loss** to property not owned, occupied, leased or rented by the Insured or insured under this Policy… The Company will pay for actual Time Element loss sustained… during the time ingress or egress remains prevented by physical obstruction…."  Any claimed loss or damage did not result in the necessary Suspension of the Insured's business activities and/or the Suspension was not due to direct physical loss of or damage to Property caused by a Covered

- 46 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Cause of Loss.  To the extent that Counter-Defendant contends that loss was suffered due to the actual presence of the COVID-19 virus, such direct physical loss of or damage is excluded under the Policy by the Contamination exclusion, Section 3.03.01, and the definition of "Contamination," which includes any condition of property due to the actual presence of "virus."

ix.   Under the Policy, any loss insured under any Time Element Coverages applicable during a Period of Liability was not sustained during a Period of Liability because under Section 4.03 the Period of Liability starts from the time of physical loss or damage of the type insured against under the Policy, and here there has been no physical loss or damage of the type insured against.

x.   Under the Policy, coverage is provided for only the First Named Insured or those persons or entities that otherwise qualify as an insured. To the extent that Counter-Defendant is not an insured and/or does not have an insurable interest, no coverage exists under the Policy.

## COUNT I - DECLARATORY RELIEF

13.   Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, an actual case or controversy exists between Zurich and Counter-Defendant regarding whether the Policy affords coverage with respect to Counter-Defendant's claims for losses or damages arising out of the spread of the COVID-19 Virus.

14.   Zurich is entitled to a declaration declaring the parties' rights and obligations under the Policy with respect to Counter-Defendant's claims for coverage, specifically that the Policy does not provide coverage for Counter-Defendant's claimed losses or damages arising out of the spread of the COVID-19

1 | Virus.

2 | **REQUEST FOR RELIEF**

3 | 15. Zurich requests judgment in its favor declaring the parties' rights and

4 | obligations under the Policy with respect to Counter-Defendant's claims for

5 | coverage based on the facts, the language of the Policy and applicable law.

6 | 16. Zurich requests judgment in its favor declaring that it has not denied

7 | coverage to Counter-Defendant in bad faith and is not otherwise in breach of the

8 | duty of fair dealing under any applicable law.

9 | 17. Zurich requests all other relief that is just and proper

10 | **DEMAND FOR JURY TRIAL**

11 | Counterclaimant hereby demands a trial by jury.

12 |

13 | Dated: July 30, 2020

Respectfully submitted,

DENTONS US LLP
Jayme C. Long
Justin R. Sarno
Connor M. Scott

By: Connor M. Scott

Attorneys for Defendant/Counterclaimaint
**ZURICH AMERICAN INSURANCE COMPANY**

DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; COUNTERCLAIM AGAINST PLAINTIFF IN-N-OUT BURGERS

115133965

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# CERTIFICATE OF SERVICE

*In-N-Out Burgers v. Zurich American Insurance Company, et al.*
*USDC Case No.: 8:20-cv-01000-JLS-ADS*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-titled action. My business address is **601 South Figueroa Street, Suite 2500, Los Angeles, California 90017.**

On July 30, 2020, I served the **DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; COUNTERCLAIM AGAINST PLAINTIFF IN-N-OUT BURGERS** on the counsel listed and by the methods indicated below:

The following CM/ECF participants were served by electronic means through the Court's CM/ECF system on July 30, 2020.

| *SEE COURT'S SERVICE LIST* |
| --- |

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on July 30, 2020, at Los Angeles, California.

/s/
Ermelita P. Gonzalez

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300