PILLSBURY WINTHROP SHAW PITTMAN LLP
ROBERT L. WALLAN (SBN 126480)
robert.wallan@pillsburylaw.com
MARIAH L. BRANDT (SBN 224076)
mariah.brandt@pillsburylaw.com
REBECCA TIERNEY (SBN 274283)
rebecca.tierney@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone:     213.488.7100
Facsimile:      213.629.1033

Attorneys for Plaintiff IN-N-OUT BURGERS

JAYME C. LONG (Bar No. 202867)
jayme.long@dentons.com
JUSTIN R. SARNO (Bar No. 229803)
justin.sarno@dentons.com
CONNOR M. SCOTT (Bar No. 321714)
connor.scott@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Attorneys for Defendant
ZURICH AMERICAN INSURANCE COMPANY

[*Counsel continued on next page*]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN-N-OUT BURGERS, a California corporation, | Case No. 8:20-cv-01000-JLS-ADS |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| vs. | [Fed. R. Civ. Proc. 26(a)] |
| ZURICH AMERICAN INSURANCE COMPANY, | Judge:  Hon. Josephine L. Staton |
| Defendant. | Magistrate Judge:  Hon. Autumn D. Spaeth |
| | [DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH] |

1

2 *Counsel for Defendant Zurich American Insurance Company Continued*:

3 JONATHAN GROSS (Bar No. 122010)
jgross@moundcotton.com
4 MOUND COTTON WOLLAN & GREENGRASS LLP
2200 Powell Street, Suite 1050
5 Emeryville, California 94608
Tel:  (510) 900-9371 / Fax:  (510) 900-9381

6

7 SHARI L. KLEVENS
DENTONS US LLP
8 1900 K Street, N.W.
Washington, D.C.  20006
Tel: (202) 496-7500 / Fax: (202) 496-7756

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1.      **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 8.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.   **GOOD CAUSE STATEMENT**

In this lawsuit, In-N-Out Burgers ("In-N-Out") brings claims against Zurich American Insurance Company ("Zurich") (collectively, the "Parties") for breach of contract, declaratory relief, and breach of the covenant of good faith and fair dealing as a result of Zurich's alleged failure to honor its contractual obligations under its insurance policy to pay the claim arising in connection with the novel coronavirus and COVID-19 pandemic.  *See* First Amended Complaint, Dkt. 8. Zurich denies these claims and has filed a counterclaim for declaratory relief seeking a declaration as to its rights under the Policy alleging that the express

terms of the Policy do not provide coverage. *See* Answer and Counterclaim, Dkt. 17.

The Parties submit that GOOD CAUSE exists to enter the proposed protective order. Specifically, the Parties expect that discovery in this case will include commercially sensitive information, such as sales figures, expenses, pricing, and other confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

The Parties agree that all documents and tangible things marked as confidential and produced pursuant to this Protective Order are subject to the terms of this Protective Order unless otherwise ordered by the Court. The Parties believe they would be harmed if this information were publicly disclosed. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained

4

in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.     DEFINITIONS**

3.1.    <u>Action</u>:   In-N-Out Burgers v. Zurich American Insurance Company, Case No. 8:20-cv-01000-JLS-ADS.

3.2.    <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

3.3.    <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that (a) contains competitively sensitive technical, marketing, financial, sales or other confidential business information, (b) contains private or confidential personal information, (c) contains information received in confidence from third parties, (d) the producing party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G), as specified above in the Good Cause Statement.

3.4.    <u>Counsel</u>:  Outside Counsel and House Counsel (as well as their support staff).

3.5.    <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6.    <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, videos, and tangible

things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7.   <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8.   <u>House Counsel</u>:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel or any other outside counsel, nor does House Counsel include employees of a party to this Action who are adjusting a claim and not acting as an attorney to a party.

3.9.   <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.10.  <u>Outside Counsel</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.11.  <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

3.12.  <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.13.  <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, duplicating, or retrieving or processing data in any form or medium) and their employees and subcontractors.

3.14.   <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.15.   <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**4.     SCOPE**

4.1.   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4.2.   Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**5.     DURATION**

A.     Once a case proceeds to trial, all of the information submitted in evidence that was designated as "CONFIDENTIAL" or maintained pursuant to this Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See* <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, for all information submitted in evidence the terms of this Protective Order do not extend beyond the commencement of the trial.  Prior to the trial, the Parties

shall meet and confer to discuss how to handle Confidential Material and may

seek additional relief from the Court.  This Order shall survive the final

disposition of this Action and shall remain in full force and effect unless

modified by Court Order or the written stipulation of the Parties filed with the

Court.

B.      This agreement details the parties' obligations for the handling of

documents upon final disposition of this matter.  Final disposition shall be

deemed to be the later of (1) dismissal of all claims and defenses in this Action,

with or without prejudice; and (2) final judgment herein after the completion

and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

Action, including the time limits for filing any motions or applications for

extension of time pursuant to applicable law.

**6.      DESIGNATING PROTECTED MATERIAL**

6.1.   Exercise of Restraint and Care in Designating Material for Protection

6.1.1.  Each Party or Non-Party that designates information or items for

protection under this Order must take care to limit any such designation

to specific material that qualifies under the appropriate standards.  The

Designating Party must designate for protection only those parts of

material, documents, items, or oral or written communications that

qualify so that other portions of the material, documents, items, or

communications for which protection is not warranted are not swept

unjustifiably within the ambit of this Order.

6.1.2.  Mass, indiscriminate, or routinized designations are prohibited.

Designations that are shown to be clearly unjustified or that have been

made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.1.3.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2.  Manner and Timing of Designations

6.2.1.  Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

6.2.2.  Designation in conformity with this Order requires the following:

6.2.2.1.    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

6.2.2.2.    A Party or Non-Party that makes original documents available for inspection need not designate them for protection

until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

6.2.2.3.　　　With respect to depositions during which there has been a general designation of testimony as "CONFIDENTIAL," the party or third party designating the testimony as "CONFIDENTIAL" shall have until twenty-one (21) days after receipt of the deposition transcript within which to inform all parties the specific portions of the transcript that are to be designated as "CONFIDENTIAL" which period may be extended by agreement of the parties.  Failure to make a specific designation during this period will be construed as the withdrawing of the general confidentiality designation.  During the 21-day period, the entire deposition will be treated pursuant to the general

designation, unless otherwise agreed to by the party or third party making the general designation.  This paragraph shall not apply if only specific portions of the deposition transcript were designated in the first instance.

6.2.2.4.       For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or a substantially similar legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3.   Inadvertent Failure to Designate

To the extent consistent with applicable law, the inadvertent disclosure of Confidential Material that should have been designated as such shall not be deemed to waive a party's claim of confidentiality, in whole or in part, as to the material disclosed. Inadvertent disclosures may be rectified by written notification given at any time after disclosure to all parties receiving it, and such notice shall constitute a designation of the material as Confidential Material under this Order. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1.    Timing of Challenges

If counsel for a party receiving Confidential Material objects to that designation in whole or in part, counsel shall timely serve on the designating party a written objection describing with particularity the grounds for objection. Counsel for the designating party shall respond to the objection in writing in a timely manner and state with particularity the grounds in support of the designation and how/why it is appropriate for the information at hand. If the designating party does not timely respond to the objection, the objection stands and the challenged designation is deemed void. If a timely written response is made to the objection and if the dispute cannot be resolved, the proponent of the challenged designation shall present the dispute to this Court. The parties may, by written agreement, enlarge the deadlines set forth in this paragraph.

7.2.    Meet and Confer

Upon an impasse between the Parties regarding the enforcement, terms, or designation of materials pursuant to this Order, the Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

7.3.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall

continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.    ACCESS TO AND USE OF PROTECTED MATERIAL**

    8.1.    Basic Principles

        8.1.1.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action and shall not be used for any other purpose.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order, unless the Receiving Party obtains prior written agreement from the Producing Party or the Court orders otherwise. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

        8.1.2.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    8.2.    Disclosure of "CONFIDENTIAL" Information or Items

        8.2.1.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

            8.2.1.1.      The Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

8.2.1.2.       The officers, directors, parents, affiliates, agents, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

8.2.1.3.       Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" prior to disclosure of any item designated CONFIDENTIAL (Exhibit A);

8.2.1.4.       The Court and its personnel;

8.2.1.5.       Court reporters and their staff;

8.2.1.6.       Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

8.2.1.7.       The author or recipient of a document containing the confidential information or a custodian or other person who otherwise possessed or knew the confidential information;

8.2.1.8.       During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement

to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

8.2.1.9.        To the extent contractually obligated, any insurer or reinsurer, and the parties' outside or in-house auditors as necessary in fulfilling their responsibilities in respect to this matter;

8.2.1.10.        Regulatory authorities if required by such regulatory body;

8.2.1.11.        Other persons only after notice to all parties and upon order of the Court, or upon written consent of the Designating Party; and

8.2.1.9.        Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3.    Use of "CONFIDENTIAL" Information or Items.  Material designated as "CONFIDENTIAL" shall be used only by individuals permitted access to it under section VIII.B.1.  Material designated as "CONFIDENTIAL" or copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual until and unless (a) Outside Counsel for the party asserting

1    confidentiality consents to the disclosure or waives the claim of confidentiality,

2    or (b) the Court orders the disclosure.

3    8.4.    Nothing in this Order shall preclude any parties, third parties or their attorneys

4    from disclosing or using any material or documents from the party's or third party's

5    own files which the party or third party itself has designated as Protected Material.  No

6    information that is in the public domain, or which is already rightfully known by the

7    receiving party, shall be subject to this Order.

8    **9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

9    **IN OTHER LITIGATION**

10    9.1.    If a Party is served with a subpoena or a court order issued in other

11    litigation that compels disclosure of any information or items designated in this

12    Action as "CONFIDENTIAL" that Party must:

13    9.1.1.   Promptly notify in writing the Designating Party.  Such notification

14    shall include a copy of the subpoena or court order;

15    9.1.2.   Promptly notify in writing the party who caused the subpoena or

16    order to issue in the other litigation that some or all of the material

17    covered by the subpoena or order is subject to this Protective Order.  Such

18    notification shall include a copy of this Stipulated Protective Order; and

19    9.1.3.   Cooperate with respect to all reasonable procedures sought to be

20    pursued by the Designating Party whose Protected Material may be

21    affected.

22    9.2.    If the Designating Party timely seeks a protective order, the Party served

23    with the subpoena or court order shall not produce any information designated

24    in this action as "CONFIDENTIAL" before a determination by the Court from

which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

10.2.1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

10.2.2. Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

10.2.3. Make the information requested available for inspection by the Non-Party, if requested.

10.3.   If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**12.       PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain produced material contains material subject to the attorney-client privilege, work product doctrine, or other protection ("Privileged Information"), whether produced

inadvertently or otherwise, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

12.1.1.  If a Receiving Party discovers that it is in receipt of a document or ESI that it reasonably believes might contain Privileged Information, it shall notify the Producing Party, and identify the document in question as soon as practicable.

12.1.2.  Upon discovery by a Producing Party (whether by notice from the receiving party, or otherwise) that it did or may have produced Privileged Information, the Producing Party shall, as soon as practicable, request the return of such Privileged Information by sending a written notification ("Clawback Letter") to the Receiving Party. The Clawback Letter shall (i) identify the documents or ESI in question by Bates number or otherwise; (ii) identify the basis on which the privileged information should have been withheld from production; and (iii) provide a privilege log entry for each identified document or a cross reference to an existing privilege log entry for such documents.  The requirements in this paragraph apply equally to instances in which a Producing Party discovers during a deposition that it did or may have produced Privileged

Information.  For purposes of this protocol, "discovery" shall mean "actual notice"; production of Privileged Information alone is insufficient to constitute actual notice.

12.1.3.  Upon receipt of a Clawback Letter, the Receiving Party shall promptly destroy or delete all documents or ESI containing Privileged Information identified in the letter, and all reproductions or summaries thereof regardless of whether the receiving party plans to challenge the claim of privilege.  The Receiving Party shall follow these procedures regardless of whether a document or item is comprised fully or partially of Privileged Information.  After issuing the Clawback Letter, the Producing Party shall reproduce in a timely manner the subject document or ESI with the Privileged Information redacted.

12.1.4.  If a Receiving Party disagrees with a claim of privilege set forth in a Clawback Letter, it shall notify the Producing Party and provide the basis for disputing the privilege claim so that the parties may meet and confer.  The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.

12.1.5.  In the event that the parties do not resolve their dispute, the Receiving Party may timely bring a motion consistent with the local rules for a determination of whether a privilege applies.  The obligations of the parties set forth in this section apply irrespective of the care taken by the producing party to prevent inadvertent disclosure.

12.1.6.  Except as expressly set forth herein, nothing in this section, or elsewhere in this stipulation, shall limit the bases on which a receiving party may challenge the assertion of any privilege or protection by the producing party.

12.1.7.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

12.1.8.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product privilege or other applicable privilege or immunity designation by submitting a written challenge to the Court, but such a challenge does not relieve a Receiving Party of its obligation to return or delete materials pursuant to sub-part (c) above, and the Receiving Party shall not assert as a basis for the challenge the fact or circumstances of the prior production of those materials. If the Receiving Party submits such a challenge to the Court, the Producing Party must promptly present the material to the Court under seal for a determination of the claim.

12.1.9.  The Receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this Paragraph for any purpose until the matter is resolved by agreement of the parties or by the Court.

12.1.10.  In addition to any other obligation to preserve documents, the Producing Party must preserve any documents recalled under this Paragraph for the duration of this litigation.

**13.  MISCELLANEOUS**

13.1.   Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2.  Right to Assert Other Objections

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3.  Filing Protected Material

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.4.  Acknowledgement and Agreement to be Bound.

Each person who signs the Acknowledgment and Agreement to be Bound by Protective Order attached hereto as Exhibit A shall be subject to the jurisdiction of this Court for purposes of any proceedings relating to compliance with or violation of this Order.

13.5.  Privilege Log.

The parties agree that they do not need to place on a privilege log any document covered by the attorney-client privilege, and/or the attorney work product doctrine, so long as the document was created on or after April 20, 2020 (the date of claim submission) and (a) was prepared by

Outside Counsel or House Counsel for a Party and was not disclosed to any third party, (b) constitutes a communication between a Party and its Outside Counsel or its House Counsel and was not disclosed to any third party, (c) constitutes a communication between a Party's Outside Counsel or House Counsel and an expert or consultant retained for this litigation, or (d) constitutes an internal communication between or within Outside Counsel or House Counsel.  For clarification, this section is not intended to create any privilege or protection that does not otherwise exist.

**14.    FINAL DISPOSITION**

14.1.    After the final disposition of this Action, as defined in Section 5, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,

attorney work product, and consultant and expert work product, even if such

materials contain Protected Material.  Any such archival copies that contain or

constitute Protected Material remain subject to this Protective Order as set forth

in Section 5.

14.2.   Any violation of this Order may be punished by any and all appropriate

measures including, without limitation, contempt proceedings and/or monetary

sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


Dated:  February 8, 2021             PILLSBURY WINTHROP SHAW PITTMAN LLP


                                     By: _____ /s/ Mariah L. Brandt _____
                                             Robert L. Wallan
                                             Mariah L. Brandt
                                             Rebecca Tierney
                                             Attorneys for Plaintiff
                                             IN-N-OUT BURGERS

                                     DENTONS US LLP


Dated:  February 8, 2021             By: _____ /s/ Alanna G. Clair _____
                                             Jayme C. Long
                                             Shari L. Klevens
                                             Alanna G. Clair
                                             Attorneys for Defendant ZURICH
                                             AMERICAN INSURANCE COMPANY

1

## ATTESTATION

2       Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories

3   listed and on whose behalf the filing is submitted, concur in the filing's content and

4   have authorized this filing.

5

Dated:  February 8, 2021            PILLSBURY WINTHROP SHAW PITTMAN LLP

6
                                    By:_____/s/ Mariah L. Brandt_____
7                                          Mariah L. Brandt
                                           Attorneys for Plaintiff
8                                          IN-N-OUT BURGERS

9

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

10

11  Dated: _February 10, 2021_            _____/s/ Autumn D. Spaeth_____
                                          HONORABLE AUTUMN D. SPAETH
12                                        United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issue

by the United States District Court for the Central District of California on [DATE] in

the case of _____ [insert formal name of the case and the

number and initials assigned to it by the Court]. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in

the nature of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or

type full name] of _____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____