| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01000-JLS-ADS                                              Date: February 10, 2022
Title:  In-N-Out Burgers v. Zurich American Insurance Company

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|   Melissa Kunig   | _____N/A_____ |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                 Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT (Doc. 78) AND DENYING MOTION TO STRIKE (Doc. 80)**

      Before the Court is a Motion to Dismiss Consolidated Amended Complaint ("CAC") (Motion to Dismiss, Doc. 78) and a Motion to Strike Expert Testimony and Scientific Evidence in the Consolidated Amended Complaint (Motion to Strike, Doc. 80) filed by Defendant Zurich American Insurance Company.  Plaintiff In-N-Out Burgers opposed, and Zurich replied.  (Opps., Docs. 83-84; Replies, Doc. 86-87.)  The Court having heard oral argument on the First Amended Complaint ("FAC") (Doc. 63) and having thoroughly reviewed the CAC and the briefs, finds this matter appropriate for decision without further oral argument.  Fed. R. Civ. P. 78(b); L.R. 7-15.  Accordingly, the hearing set for February 11, 2022, at 10:30 a.m. is VACATED.  For the following reasons, the Court GRANTS Zurich's Motion to Dismiss and DENIES Zurich's Motion to Strike.

**I.     BACKGROUND**

      The Court detailed the background facts of this action in its July 7, 2021 Order Granting Defendant's Motion for Judgment on the Pleadings.  (Order, Doc. 67.)  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01000-JLS-ADS                                                         Date: February 10, 2022
Title:  In-N-Out Burgers v. Zurich American Insurance Company

Court assumes familiarity with those facts and will not repeat the full discussion here.[1]

     At issue in this case are two nearly identical insurance policies (the "Policies") that Zurich issued to In-N-Out for the years 2019 to 2021.  (*See* Ex. A (policy effective from June 1, 2019 to June 1, 2020) and Ex. B (renewal policy effective from June 1, 2020 to June 1, 2021) to CAC, Doc. 72.)  The Policies provide coverage for "direct physical loss of or damage caused by a Covered Cause of Loss to Covered Property," with "Covered Cause of Loss" defined as "[a]ll risks of direct physical loss of or damage from any cause unless excluded."  (Ex. A § 1.01 (Insuring Agreement), § 7.11 (defining "Covered Cause of Loss"), Doc. 72; *id.* Ex. B. § 1.01 (Insuring Agreement); § 7.11 (defining "Covered Cause of Loss").)  In-N-Out contends that Zurich wrongly denied coverage for In-N-Out's claims that the Coronavirus and related stay-at-home orders caused direct physical loss of or damage In-N-Out property.  (*See*, *e.g.*, CAC ¶¶ 5, 40, Doc. 72.)  As support for its contentions, In-N-Out relies upon the Policies' general "Insuring Agreement," the "Time Element Coverage" provision, and the "Special Coverages" provision.  (*See*, *e.g.*, *Id.* ¶¶ 41-44.)  These provisions limit coverage to situations involving "direct physical loss of or damage to" property.  (*See* Order at 3-5, Doc. 67 (describing at-issue provisions).)

     On July 7, 2021, the Court granted Zurich's Motion for Judgment on the Pleadings as to the policy effective from June 1, 2019 to June 1, 2020.  (Order, Doc. 67.)  The Court found that In-N-Out failed "to plead that it suffered a loss" covered under the policy as direct physical loss "requires a physical change or effect on or near the premises . . . or an intervening physical force which made the premises uninhabitable or entirely unusable."  (*Id.* at 10 (internal quotation marks omitted).)  And generally speaking, the Court concluded that In-N-Out failed to plausibly allege that it suffered a *physical* loss of or

---

[1] The Court also incorporates by reference the applicable legal analysis in the Court's July 7, 2021 Order, as the Consolidated Amended Complaint has not caused the Court to question its prior analysis.  *See supra* p. 2.

**CIVIL MINUTES – GENERAL**                                                                                     2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01000-JLS-ADS                                        Date: February 10, 2022
Title:  In-N-Out Burgers v. Zurich American Insurance Company

damage to property from the Coronavirus or stay-at-home orders.  (*See id.* at 7-14.)  In-N-Out pointed to its complaint in another matter relating to the 2020-2021 policy for the proposition that it "sufficiently pleaded physical damage to property as a result of COVID-19." (*Id.* at 12 n.2.)  However, the Court noted that "only the sufficiency of the FAC in this matter [w]as at issue." (*Id.*)  Accordingly, the Court dismissed In-N-Out's FAC with leave to amend.  (*Id.* at 14.)

On July 26, 2021, In-N-Out filed a Consolidated Amended Complaint ("CAC") against Zurich that purports to address the deficiencies identified in the Court's July 7, 2021 Order.  (CAC, Doc. 72.)  The CAC combines In-N-Out's claims relating to the 2019-2020 and 2020-2021 policies (both the subject of two different suits initiated by In-N-Out) into one consolidated pleading per the Court's order.  (CAC ¶ 18, Doc. 72; Order Consolidating Actions and Discharging OSC, Doc. 70.)  Zurich now moves to dismiss the CAC pursuant to Fed. R. Civ. P. 12(b)(6). (Motion to Dismiss, Doc. 78.)  Zurich argues, among other things, that In-N-Out has not adequately alleged coverage under the Policies because:  (1) "In-N-Out's alleged harm – the temporary closures and loss of use of its dining rooms – was *caused by* the Stay-At-Home Orders, which are not 'direct physical loss of or damage to property'" and (2) "In-N-Out cannot plausibly allege that the purported presence of COVID-19 on-site at its restaurants physically altered and damaged its property or caused to be permanently disposed of its property." (Motion to Dismiss at 9, Doc. 78.)  Zurich also seeks to strike certain paragraphs in the CAC. (Motion to Strike, Doc. 80.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01000-JLS-ADS                                                  Date: February 10, 2022
Title: In-N-Out Burgers v. Zurich American Insurance Company

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Standard

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### B. Insurance Contract Interpretation

Under California law, which applies here, the interpretation of an insurance contract is a question of law for the courts. *See Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995). "While insurance contracts have special features, they are still contracts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01000-JLS-ADS                                           Date: February 10, 2022
Title:  In-N-Out Burgers v. Zurich American Insurance Company

to which the ordinary rules of contractual interpretation apply." *Bank of the W. v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992).  "An insurance policy should be enforced as written when its terms are clear." *Palmer v. Truck Ins. Exch.*, 21 Cal.4th 1109, 1115 (1999).  "Only if this rule does not resolve the ambiguity do [courts] then resolve it against the insurer." *Bank of the W.*, 2 Cal. 4th at 1265.  Courts should not "strain to create an ambiguity where none exists." *Ray v. Valley Forge Ins. Co.*, 77 Cal.App.4th 1039, 1044 (1999), as modified (Jan. 27, 2000).

"Before considering whether any policy exclusions apply, the Court must first determine whether affirmative coverage exists at all." *Pez Seafood DTLA, LLC v. Travelers Indem. Co.*, --- F.Supp.3d ----, 2021 WL 234355, at *4 (C.D. Cal. Jan. 20, 2021) (citing *Rosen v. Nations Title Ins. Co.,* 56 Cal. App. 4th 1489, 1497 (1997).)  "[T]he burden is on the insured to bring the claim within the basic scope of coverage[.]" *Id.* (internal quotation marks and citation omitted).  And, "[w]here, as here, a policy covers 'direct physical loss of or damage to' property, the 'direct physical loss requirement is part of the policy's insuring clause and accordingly falls within [the insured's] burden of proof.'" *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 890 (9th Cir. 2021).

### III.  DISCUSSION

#### A.  Coverage Under the Policies

The central dispute in this case centers on whether In-N-Out has adequately alleged that the Coronavirus or the stay-at-home orders caused "a direct physical loss of or damage to property," as required to obtain coverage under the Policies.  Under California law, to adequately allege "a direct physical loss of or damage to property," it is not sufficient to allege mere "'loss of use,'" as "California courts have carefully

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01000-JLS-ADS                                              Date: February 10, 2022
Title:  In-N-Out Burgers v. Zurich American Insurance Company

distinguished 'intangible,' 'incorporeal,' and 'economic' losses from 'physical' ones." *Mudpie, Inc.*, 15 F.4th at 892.  Instead, an insured must "identify a 'distinct, demonstrable, physical alteration of the property." *Id.* (concluding "that California courts would construe the phrase 'physical loss of or damage to' as requiring an insured to allege physical alteration of its property.").   In addition to the above, an insured must also plausibly allege a causal connection between the physical alteration and the purported loss.  *Inns-by-the-Sea v. California Mut. Ins. Co.*, 71 Cal. App. 5th 688, 704 (2021).  In this case, Zurich argues that In-N-Out has not plausibly alleged that it suffered a direct physical loss or a causal connection between the alleged losses and the physical alteration.  (*See*, *e.g.*, Motion to Dismiss at 9, Doc. 78.)  The Court agrees.

The Court finds the decisions in *Mudpie, Inc. v. Travelers Cas Ins. Co. of Am.*, 15 F.4th 885 (9th Cir. 2021) and *Inns-by-the-Sea v. California Mut. Ins. Co.*, 71 Cal. App. 5th 688 (2021) instructive.  In *Mudpie*, the Ninth Circuit considered whether California's stay at home orders that temporarily prevented the plaintiff from operating its store constituted a "direct physical loss of or damage to" property under the at-issue insurance policy.  *Mudpie, Inc.*, 15 F.4th at 892.  In holding that the plaintiff's losses were not covered, the Ninth Circuit noted that "Mudpie's complaint [did] not identify a 'distinct, demonstrable, physical alteration of the property," and it did "not allege that Mudpie was permanently disposed of its property."  *Id.*  The Ninth Circuit further declined to adopt Mudpie's plea to equate "'direct physical loss of or damage to' to be synonymous with 'loss of use,'" as California courts "carefully distinguished 'intangible,' 'incorporeal,' and 'economic' losses from 'physical' ones."  *Id.*  Accordingly, the Court ruled that "[t]he district did not err by dismissing Mudpie's claims for declaratory relief, breach of contract, and breach of the covenant of good faith and fair dealing."  *Id.* at 893.

In *Inns*, the California Court of Appeal considered a similar insurance provision that too required an insured to show a "direct physical loss of or damage to property."  71 Cal. App. 5th 688 (2021).  In that case, the plaintiff alleged, as here, that stay-at-home

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01000-JLS-ADS                                                  Date: February 10, 2022
Title: In-N-Out Burgers v. Zurich American Insurance Company

orders issued in California and COVID-19's presence on its properties caused "physical loss or damage to" its properties. First, turning to "whether the suspension of Inns' operations was caused by 'direct physical . . . *damage to* Inns' property," the Court concluded that Inns could not "reasonably allege that the presence of the COVID-19 virus on its premises is what *caused* the premises to be uninhabitable or unsuitable for their intended use." *Id.* at 703. The *Inns* court noted that the orders "were issued because the COVID-19 virus was present *throughout* San Mateo and Monterey Counties, not because of any particular presence of the virus on Inns' premises." *Id.* Indeed, the *Inns* court noted, "[t]he question . . . is one of 'widespread economic loss due to restrictions on human activities, not the consequence of a direct physical loss or damage to the insured premises.'" *Id.* at 704. Second, turning to whether "the scenario pled in the complaint describes a suspension of operations caused by a 'direct physical *loss of*' property," the *Inns* court rejected the plaintiff's claim that "a policyholder can reasonably expect that a claim constitutes *physical* loss where the insured property cannot function as intended.'" *Id*. at 705. The court found that plaintiff's interpretation wrongly "collapses coverage for 'direct physical loss' into 'loss of use' coverage.'" *Id.*

The analysis provided in the *Mudpie, Inc.* and *Inn* decisions apply squarely to this case. In the CAC, In-N-Out contends that it suffered a "direct physical loss of or damage to property and resultant financial losses arising" from the stay-at-home orders and COVID-19. (*See*, *e.g.*, CAC ¶ 4, Doc. 72.) However, In-N-Out's allegations here do not rise above mere "loss of use," which the *Mudpie, Inc.* and *Inn* courts have found do not equate to "direct physical loss." *Mudpie, Inc.*, 15 F.4th at 892; *Inns*, 71 Cal. App. 5th at 705; (*See*, *e.g.*, CAC ¶ 89 (noting that "In-N-Out's dining rooms were closed to *customers* during *most* of the pandemic, resulting in a substantial loss of the use of its property") (emphasis added), Doc. 72). Indeed, In-N-Out's allegations that it could not serve dine-in customers but could still use those facilities, including for food preparation, does not illustrate a "direct physical loss" only "loss of use." (*See*, *e.g.*, ¶ 137, Doc. 72.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01000-JLS-ADS                                                    Date: February 10, 2022
Title:  In-N-Out Burgers v. Zurich American Insurance Company

      Yet, even if In-N-Out could allege a physical loss (in other words, a physical alteration) caused by COVID-19, In-N-Out has not plausibly alleged that the physical alteration caused its losses.  *Inns*, 71 Cal. App. 5th at 703-704.  As the *Inns* court acknowledged, even if In-N-Out "had thoroughly sterilized its premises to remove any trace of the virus after the [stay-at-home orders] were issued," In-N-Out "would have *still* . . . continued to incur a suspension of [in-room dining] operations."  *Inns*, 71 Cal. App. 5th at 704.  Moreover, In-N-Out's allegation that its restaurants reopened for in-room dining once the stay-at-home orders were lifted belies In-N-Out's assertions that any alleged physical alterations of its property caused its business losses.  (*See*, *e.g.*, CAC ¶ 136 (acknowledging that "In-N-Out and other businesses have reopened" once the stay-at-home orders were lifted).  Simply put, In-N-Out's allegations demonstrate that its losses were caused by widespread "restrictions on human activities" as opposed to the "consequence of a direct physical loss or damage to the insured premises."  *Inns*, 71 Cal. App. 5th at 704 (internal quotation marks omitted).

      Accordingly, the Court finds that the allegations in the CAC fail to show that In-N-Out is entitled to coverage under the Policies.

    **B.**    **Dismissal of All Claims**

      For the reasons stated above, In-N-Out has not alleged that it is entitled to coverage under the Policy and, as such, the CAC's first and second claims for breach of contract fail.  For the same reasons, In-N-Out has failed sufficiently to plead entitlement to declaratory relief, and the FAC's fifth claim for relief also fails. The CAC's third and fourth claims for relief for breach of the implied covenant of good faith and fair dealing similarly "rests upon the existence of some specific contractual obligation."  *Racine & Laramie, Ltd. v. Department of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031 (1992).  "[T]he implied covenant is limited to assuring compliance with the express terms of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01000-JLS-ADS                                            Date: February 10, 2022
Title:  In-N-Out Burgers v. Zurich American Insurance Company

contract, and cannot be extended to create obligations not contemplated in the contract." *Id.* at 1032.  Absent a contractual breach, the third and fourth claims also fail.

**IV.     CONCLUSION**

For the above reasons, Zurich's Motion to Dismiss is GRANTED.  Moreover, as "the deficiencies in Plaintiff's Complaint result from incurably flawed legal theories, the Court finds that leave to amend would be futile," and In-N-Out's CAC is DISMISSED WITH PREJUDICE.  *JC/SC LLC v. Travelers Indem. Co. of Connecticut*, 2022 WL 263157, at *6 (C.D. Cal. Jan. 26, 2022).  Given the Court's ruling, Zurich's Motion to Strike is DENIED as moot.

Initials of Deputy Clerk: mku